In the Matter of the Petition of ELIZABETH CHANDLER, Respondent, against ALEXANDER CHANDLER, Appellant.

First Department, June 8, 1934.

*Leo Kraus* of counsel [*Daniel Handler* with him on the brief; *Leo Kraus*, attorney], for the appellant.

*Arthur H. Kerns* of counsel [*Paul Windels, Corporation Counsel*], for the respondent.

UNTERMYER, J. The petitioner is the wife of the appellant, to whom she was married in October, 1901. In 1913 the husband instituted an action for separation against the petitioner, alleging cruelty and abandonment for a period of four years. The defendant (the petitioner here) having defaulted in that action, a decree of separation was entered in favor of the husband without provision for alimony to the defendant. The petition here is to

require the husband nevertheless to provide support for the petitioner under the statute (Laws of 1933, chap. 482) which establishes a Court of Domestic Relations, and particularly under section 137, which, so far as material, provides: " After final adjudication by the supreme court denying alimony in a separation action, if in the opinion of the family court the circumstances of the parties have changed or if it is shown to the satisfaction of the family court that the petitioner is likely to become a public charge, the family court may entertain a petition for support." These provisions do not justify the Family Court in disregarding a decree of the Supreme Court denying alimony in a separation action unless one or the other of the specified alternatives exist. Before the Family Court may grant what the Supreme Court has refused there must be established either a change in circumstances or the probability that the petitioner will otherwise become a public charge. There is here no suggestion of any change in circumstances. The order cannot be sustained upon the theory that the petitioner is likely to become a public charge, for the petition does not allege, nor does the evidence reveal, that fact. The petition alleges only the failure of the husband to support the petitioner, his wife, and the evidence does not disclose that she is, or is likely to become, a public charge. Although the petitioner testified that she had neither money nor property, she also testified that she had supported herself " right along." There was, therefore, no evidence of either of the conditions which the statute prescribes as necessary before the Family Court may award support in derogation of a decree of the Supreme Court denying alimony in a separation action.

The order should be reversed and the petition dismissed.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur

Order reversed and petition dismissed.