In the Matter of CHARLOTTE COLLINS, Respondent, against JOSEPH P. COLLINS, Appellant.

First Department, December 13, 1935.

*Paul J. Carr,* for the appellant.

*Irving Levine,* for the respondent.

McAvoy, J. This proceeding was instituted by the petitioner-wife for an order directing the husband to pay for the wife's support.

In May, 1933, the wife brought an action in the Supreme Court, New York county, for separation. This action was tried in January, 1935, and resulted in a judgment in favor of the husband, dismissing the wife's complaint. Copies of the decision and judgment were received in evidence at the hearing of this matter in the Domestic Relations Court. The wife filed a notice of appeal from the judgment dismissing the complaint but up to the present time this appeal has not been perfected.

After the dismissal of the complaint a motion was made by the wife at Special Term for alimony and counsel fees and other allowances pending the appeal. This motion was denied at Special Term, and on appeal to this court the order of Special Term denying the motion was affirmed. (*Collins* v. *Collins*, 245 App. Div. 721.)

Thereafter, and on July 8, 1935, the wife filed a petition in the Domestic Relations Court, alleging the failure of her husband to support her since February 15, 1935. This proceeding resulted in the order of the Family Court Division of that court directing the husband to pay the sum of twenty dollars a week, from which order this appeal is taken.

The powers of the Family Court are set forth in section 92 of the Domestic Relations Court Act (Laws of 1933, chap. 482). In subdivision 6 of section 92 the court is given power in the exercise of its jurisdiction " to make an order for support of a wife by the husband, even though she may have left the home, in cases where the husband's conduct or condition or his cruel or inhuman behavior made it unsafe, improper or undesirable for her to continue to live with him."

The Supreme Court by its findings and decision in the separation action judicially determined that the husband's conduct was not cruel or inhuman, also that his conduct was not such as to make it unsafe or improper for the wife to continue to live with him. The Supreme Court further found that the husband has not abandoned or failed to support the wife.

It may be urged that section 137 of the Domestic Relations Court Act confers the necessary power on the Family Court to make the order now here. Section 137 reads in part: "After final adjudication by the Supreme Court denying alimony in a separation action, if in the opinion of the Family Court the circumstances of the parties have changed or if it is shown to the satisfaction of the Family Court that the petitioner is likely to become a public charge, the Family Court may entertain a petition for support."

No change of circumstances after the adjudication in the separation action has been shown. The separation action was decided in February, 1935, and the wife has testified that since 1932 she has been living apart from her husband.

The petition fails to allege and there is no evidence that the wife is likely to become a public charge. In the case of *Matter of Chandler* v. *Chandler*, decided in June, 1934 (241 App. Div. 390), we held that section 137 of the Domestic Relations Court Act did not justify the Family Court in disregarding the judgment of the Supreme Court denying alimony in a separation action, unless one or the other of the specified alternatives existed, *i. e.,* a change of circum-

stances since the judgment or the likelihood of the wife becoming a public charge.

The decision of the Family Court Division was not based on either one of the alternatives, but rather on the ground that the wife was entitled to live apart from her husband, because of her illness.

The judgment of the Supreme Court, that the wife was not entitled to live apart from her husband, is *res adjudicata* and the Family Court had no power to make a contrary finding.

The order of the Domestic Relations Court should be reversed and the proceeding dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order reversed and the proceeding dismissed.