SADIE SINGER, Petitioner, *v.* JOSEPH SINGER, Respondent.

Domestic Relations Court of New York, Family Court, Kings County, September 10, 1941.

*Julius M. Gerzof*, for the petitioner.

*David D. Reibstein*, for the respondent.

PANKEN, J. This case comes on before the court on an application by the petitioner for an increase over and above the order heretofore made on her behalf and against the respondent. That order is still effective.

The parties are also before the Supreme Court of the State of New York. On application for alimony *pendente lite* and counsel fee, the Supreme Court, through one of the justices, awarded the petitioner herein five dollars weekly.

Section 137 of the Domestic Relations Court Act of the City of New York provides, among many things, that an order or award made in the Supreme Court in an action pending therein shall be no bar to a petition in the Domestic Relations Court to compel the support of a dependent spouse. This section, however, limits the power of this court to make an order within the limits of the award made in the Supreme Court.

The Domestic Relations Court of the City of New York is a tribunal of limited jurisdiction. It cannot assume powers not specifically granted to it under the act, its creator, except where the limitations are vague and indefinite and the intention of the Legislature must be inquired into to interpret the powers granted.

The Appellate Division of the Supreme Court, First Department, in the case of *Costa* v. *Costa* (247 App. Div. 192) construes section 137; and that construction is that the only basis for the exercise of jurisdiction by the Domestic Relations Court during the pendency in the Supreme Court of an action for separation between the parties is the provision in the act which reads " is likely to become a public charge."

The Domestic Relations Court of the City of New York has no power to make an order for the support of the spouse therein in excess of the award granted her in the Supreme Court.

There has been no final adjudication in the other court denying alimony. The proceeding in that court is still pending. If an adjudication had been had in the Supreme Court and no alimony were allowed the petitioner, if, in the opinion of the Family Court, the circumstances of the parties have changed after such determination in the Supreme Court or it be shown to the satisfaction of this court that the petitioner is or is likely to become a public charge, then this court might entertain a petition for her support.

It would appear that I am constrained to hold that as long as the proceeding between the parties, instituted in the Supreme Court, is pending, this court has not the power to grant petitioner an amount for her support and maintenance in excess of the award made to her in the Supreme Court.

It is apparent to me that the Legislature in enacting the act establishing the Domestic Relations Court of the City of New York limited its power to grant an amount in excess of what might be awarded in other courts only in instances where a conventional relationship of husband and wife continues after final determination in the other court. Section 137 reads, in part: " After final adjudication by the Supreme Court denying alimony in a separation action, if in the opinion of the Family Court the circumstances  *  *  *."

The Legislature gave power to this court in instances where a final adjudication had been had. The same section provides that an order may be made by the Domestic Relations Court pursuant to section 92 of the act within the limits of the award made in the Supreme Court in actions for a decree dissolving the marital relationship. The intention of the Legislature was to limit this court in its jurisdiction in situations in which the conventional relationship of husband and wife continues.

Section 137 provides, also: " An action for divorce, separation or annulment pending in the Supreme Court shall not prevent the Family Court from entertaining a petition for support if it is shown to the satisfaction of the Family Court that the petitioner is likely to become a public charge."

Nowhere in the section is the court empowered to make an award in a case where the conventional relationship has been severed by a decree of a court of competent jurisdiction.

In *Matter of Collins* v. *Collins* (245 App. Div. 612) it is held that a determination by the Supreme Court that the wife is not entitled to support because there was no reason for her living apart from her husband is *res adjudicata* and this court, as well as other courts, is bound by the determination.

In the case at bar there has been an adjudication by the Supreme Court fixing the amount to which the petitioner herein is entitled. This court is not justified in awarding support to the petitioner in derogation of a decree of the Supreme Court, unless the power to so do be found in the provisions of the Domestic Relations Court Act of the City of New York.

The powers intended to be conferred on this court by section 137 are not at all clear. The section is not specific in so far as the limitation as to the powers granted this court. There is some debate as to whether or not this court can take jurisdiction in a case where the bonds of matrimony have been severed and the relationship of husband and wife, by a decree of a court of competent jurisdiction, has been put to an end. Section 137 should be redrawn and made more specific and definite. The provisions of powers granted to this court should be placed under subsections so that there may be no doubt as to what the Legislature intended in so far as the powers of this court are concerned.

This court is charged with the duty to inquire into the intent of the legislative mind when the Legislature speaks in weighed terms; and that which can reasonably be inferred as to the intent of the Legislature is to be found to be the intent.

The evidence in this case discloses an ability of the respondent to contribute a sum greater than the amount that the order herein

provides. In the proceeding in the Supreme Court respondent admitted to earning about fifty-three dollars weekly. The testimony in the hearing before me discloses that his earnings are in excess of that sum.

Testimony given by a representative of the welfare department of the city of New York indicates that the petitioner would be allowed the sum of seven dollars and twenty-five cents by that department for her maintenance and support. She now is a recipient of relief from the welfare department.

The question before me is, can I in face of the fact that there has not been a final determination by the Supreme Court, make an order providing that the respondent pay to the petitioner a sum equal to that which the welfare department would allow her? There is no doubt that I would have the power to do so had the proceeding pending in the Supreme Court been finally determined.

It must be assumed that the Legislature did not intend the community to take on a burden which properly rests upon the shoulders of an individual.

The relationship of husband and wife gives rise to obligations in so far as the husband, as well as the wife, is concerned. The husband assumes an obligation to support his wife and the wife, if she is financially able to do so, assumes an obligation to hold the community of whatever legal form it takes harmless and reimburse the community in the sum expended to maintain her indigent husband.

In the construction of a statute a common-sense viewpoint must be taken. The common-sense viewpoint here is that as long as petitioner is his wife respondent is not to be permitted to shift the responsibility for her support to the municipality.

The order is, therefore, made for respondent to pay seven dollars and twenty-five cents weekly beginning with the next payment.