Per Curiam.

The appellant husband appeals from an order of the Domestic Eelations Court of the City of New York, Family Court Division, County of Bronx, directing him to pay $25 per week for the support of his wife. She previously was defeated before another Justice of the same court on the ground that she had refused to live with her husband. The said Justice, however, permitted the proceeding to be reopened on the wife’s assertion that she had changed her mind in that respect and was willing to allow him to return. After the time as of which she stated that she had decided to resume life with her husband, the wife commenced an action for separation in the Supreme Court based upon his alleged refusal to take her back. A motion by her in the Supreme Court for counsel fee and alimony was denied, thus indicating failure to show reasonable probability of success in her separation action.
Thereafter the wife renewed or continued her application in the Domestic Delations Court resulting in the award appealed from.
The evidence indicates that the amount of support granted to the wife must have been arrived at more on the basis of the circumstances of the parties and the husband’s ability to pay, than on the amount required to prevent her from becoming a public charge.
On the former hearing in the Domestic Eelations Court, Justice Polier directed the wife to restore the foster child whom the parties had been supporting but had not adopted, and directed the wife to look for a job. She is a trained hairdresser, twenty-six years of age. She testified on the second hearing in the Domestic Eelations Court (resulting in the order appealed from) that she had neither sent the child back nor *112 sought a job. It was her contention that she is physically unfit to work. No physician was called, but she was permitted to testify that she is not a well woman, has been going to a doctor, and that she has periods of illness at regular intervals, in consequence whereof ‘ ‘ I am unable to work. ’ ’
Whether or not the plaintiff has a meritorious cause of action for a separation will be determined in the separation action now pending in the Supreme Court. In the event of her becoming a public charge access to the Domestic Relations Court may yet be open to her.
The record is insufficient to show that she is in danger of becoming a public charge, and no support should have been allowed in view of the denial by Special Term of Supreme Court of any amount for temporary alimony during the pendency of her action for separation (Matter of Costa v. Costa, 247 App. Div. 192; Matter of Chandler v. Chandler, 241 App. Div. 390).
The order appealed from should be reversed and the proceeding in the Domestic Relations Court dismissed.
Peck, P. J., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.
Order. unanimously reversed and the proceeding in the Domestic Relations Court of the City of New York dismissed.