SIDNEY R. JACKSON, Plaintiff, *v.* BENJAMIN FREY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, January 16, 1931.

*Raphael Alexander*, for the plaintiff.

*Harry Krokow*, for the defendant.

PRINCE, J. The plaintiff is a dentist. He testified that he entered into an oral contract with defendant's wife to perform certain dental services to her teeth for the sum of one hundred and fifteen dollars; that he rendered the services; that the sum of fifty-five dollars has been paid; and that he seeks to recover from the defendant the balance of sixty dollars. There was no other evidence to connect the defendant husband with the transaction.

The defendant offered no evidence, but rested upon the alleged insufficiency of the plaintiff's case. The defendant does not deny that the services rendered to his wife come within the classification of necessaries.

Plaintiff's counsel contends that when it is shown that necessaries were furnished to the wife, there arises the presumption that they were furnished upon the credit of the husband, and that the husband is liable. We think that the plaintiff's counsel is sound in that contention.

The common-law duty of a husband to support his family has not been changed by legislation relating to married women, and he is liable for necessaries furnished his family. It is true that the husband is relieved of this liability where he has offered to supply his wife with these necessaries, or to provide her with sufficient funds for the same, or where the party furnishing the necessaries, either by express agreement or unmistakable conduct, limits himself to the wife's credit. (*Grandy* v. *Hadcock*, 85 App. Div. 173; *Wickstrom* v. *Peck*, 179 id. 855.) But these are matters of defense to be proven by the husband.

In *Frank* v. *Carter* (219 N. Y. 35) the Court of Appeals held that " The evidence also permitted the finding that the goods were necessaries, and this being so, it was lawful, under ordinary circumstances, for the storekeeper to charge them to the husband, unless it appeared *by way of defense* that the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with ready money with which to pay therefor, and which facts were not established."

In *Jones* v. *Bernstein* (177 N. Y. Supp. 155) the court said: " The plaintiff sued the defendant for articles furnished to his wife. There is no dispute about the articles being necessaries or as to their value. ' It is well settled that a husband owes to his wife and children the duty of supporting them in a style commensurate with his position in life.' [Citing cases.] It follows that this duty cannot be discharged except by performance * * *. His consent in such a case is conclusively implied by reason of the marital relation. (*Stevens* v. *Hush*, 176 N. Y. Supp. 602.)

"An examination of the record in the case at bar discloses that the *defendant failed to show either that he had actually furnished his wife with the articles purchased by her or the means to obtain them, and the judgment must therefore be reversed.*"

Defendant's counsel raises another contention to which brief reference is required. Counsel alleges that the wife claims that the work done by the plaintiff is worthless, but that since the action is against the husband, the wife is prevented from interposing a counterclaim for the return of the money heretofore paid the plaintiff and for damages resulting from plaintiff's malpractice; and that since the husband paid no money to the plaintiff, he could not interpose a counterclaim in this action.

The contention is without force. If, by reason of the defective character of the services, there has been a total failure of consideration, the right to a return of the money is either in the husband or the wife. If, as counsel for the defendant believes, that right is in the wife, then she may institute an independent action to recover the money. Certainly, it is illogical to urge that she must be sued merely to afford her an opportunity to set forth her rights in a counterclaim. Whoever might be entitled to a return of the money has an adequate remedy; if it be the husband, then by way of counterclaim; if it be the wife, then by her own separate action.

Judgment for the plaintiff for sixty dollars.