JOSEPH A. ARNOLD, Plaintiff, *v.* LEO BRILL, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, April 16, 1931.

*Joseph A. Arnold,* plaintiff in person.
*Hyman Grill,* for the defendant.

PRINCE, J. This is an action by the plaintiff, an attorney at law, for legal services rendered to the defendant's wife, at her request, at a time when defendant and his wife were living separate and apart. Defendant is being sued on the ground that said services are necessaries.

Defendant's wife retained the plaintiff to bring an action of separation against the defendant, her husband. The plaintiff had several conferences with the defendant's wife, reduced to writing and gave consideration to various lengthy statements from her regarding her relations with her husband, and prepared a number of papers in the contemplated action. Plaintiff also interviewed the defendant and persuaded him to obligate himself on a lease for an apartment to be occupied by the defendant's wife.

The separation action was never commenced, however, because the defendant and his wife became reconciled. It was admitted at the trial that the conduct of the defendant justified his wife in contemplating the separation action, and that she probably would have obtained a judgment for separate maintenance.

It has been held that reasonable legal expenses incurred by a wife for the protection and restitution of her conjugal rights are necessaries for which the husband is liable. (*Naumer* v. *Gray*, 28 App. Div. 529; *Hays* v. *Ledman*, 28 Misc. 575; *Langbein* v. *Schneider*, 27 Abb. N. C. 228; *Wilson* v. *Ford*, [L. R.] 3 Exch. 63.)

Defendant contends that such legal services can be deemed necessaries only when they have reached the stage of at least the commencement of an action for separate maintenance, and that, except in the case of *Langbein* v. *Schneider*, in all cases where the husband has been compelled to pay for legal services rendered to the wife, it was only after a separation action had been commenced by the attorney on behalf of the wife.

I do not think there is any logical reason for differentiating an action for separation from any other legal service reasonably calculated to preserve the conjugal rights of the wife. None of the cases have made such a distinction, and on principle the commencement of an action in behalf of the wife is a legal service that differs neither in character nor quality from any other legal service reasonably intended to protect the marital rights of the wife. While it may be true that in most cases plaintiff has been permitted to recover from the husband for services rendered to the wife, after the commencement of a separation action, I am of the opinion that the separation action affected only the extent of the plaintiff's recovery, and was in no way an indispensable requisite of the cause of action.

Legal measures, made necessary by the conduct of the hus-

band, and taken in order to procure support for the wife, are necessaries.

The plaintiff cannot recover, however, from this defendant for his services in having the defendant arrested and convicted of disorderly conduct for an assault committed on the wife. Such services are not necessaries because the prosecution is instituted for the punishment of the husband and solely for the benefit of the People, and the wife could have obtained the assistance of the prosecuting authorities in prosecuting her husband. (*McQuhae* v. *Rey*, 2 Misc. 476.)

The defendant also contends that the complaint must be dismissed because the only proof that the wife was not supplied by defendant with funds to pay an attorney is the statement by the plaintiff that the wife told him she was without funds. Such a statement is sufficient to place on the defendant the burden of proving that he did supply his wife with sufficient funds to pay an attorney, and the defendant failed to offer any evidence on that score. (*Jackson* v. *Frey*, 139 Misc. 92.)

Under all the circumstances, I regard the plaintiff's services to be reasonably worth the sum of $300.

Judgment for the plaintiff for $300; ten days' stay.