LOUIS ROTHSTEIN, Plaintiff, *v.* HENRY . ERICKSON, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, December 6, 1934.

*Blecheisen, Whelan & Rothstein* for the plaintiff.

*Longo & Pinto* for the defendant.

PARELLA, J. Plaintiff's assignors were engaged as attorneys by one Cecelia Erickson to represent her in a Family Court proceeding held in the borough of Brooklyn, city of New York, during the months of February and March, 1934, and that said assignors did render legal services in such proceeding, which were of the fair and reasonable value of the sum of $100.

As a result of said proceeding in said Family Court, an order was made directing Henry Erickson, defendant herein, to pay to Cecelia Erickson, his wife, the sum of thirty-four dollars per week for the maintenance and support of herself and her two children.

The income of said Henry Erickson, defendant herein, is the sum of $400 per month.

These facts are before the court contained in a stipulation entered into by and between the attorneys for the respective parties to this action.

Defendant contends that the services rendered by the plaintiff's assignors on behalf of said Cecelia Erickson, his wife, in said Family Court, were not " necessary;" that said services were rendered in a court of criminal jurisdiction, and, therefore, the defendant in this action, husband of said Cecelia Erickson, is not liable for same.

Plaintiff herein contends that the services rendered by his assignors on behalf of said Cecelia Erickson were " necessary."

Plaintiff further contends that the Family Court is now and since October 1, 1933 (since the enactment of the new Domestic Relations Court Act), was a court of civil jurisdiction, although it has sufficient criminal jurisdiction to carry out effectively its mandates, and that the defendant herein is liable for any legal services rendered to his wife on her behalf in such court.

The question of whether the engagement of plaintiff's assignors to render the services heretofore mentioned is " necessary " must be determined by the earning capacity of the defendant, husband of Cecelia Erickson. It is conceded that said defendant earns $400 per month, and in the light of such concession, the engagement of counsel by defendant's wife, whose charge for said services amounts to $100, surely is a reasonable " necessary " expended by her against her husband's credit.

Upon the foregoing facts as submitted, I find and determine, after due consideration of defendant's earning capacity, that the services rendered by the plaintiff's assignors were " necessary " and that the wife, Cecelia Erickson, had a right to engage the

services of counsel. I further find that under section 138 of the Domestic Relations Court Act the right to engage counsel is expressly given to a petitioner in her behalf. I further find and determine upon the facts submitted that although the Family Court is not wholly a court of civil jurisdiction, the proceeding commenced in said court by said Cecelia Erickson was not a criminal proceeding but one of a civil nature; therefore, making the husband liable for services rendered to the wife on her behalf in such court. Accordingly, by reason of all of the foregoing, I direct judgment after trial, and on the merits, in favor of the plaintiff, Louis Rothstein, in the sum of $100, with interest thereon from the 13th day of March, 1934. Five days' stay of execution.