**In re RUNGE.**

**No. 29981.**

District Court, E. D. New York.

May 4, 1936.

William J. Rudin, of Brooklyn, N. Y., for the bankrupt for the motion.

Blandy, Mooney & Shipman, of New York City, for Georgina Terry as executrix, opposed.

CAMPBELL, District Judge.

This is a motion for an order staying Georgina Terry as executrix, etc., from taking any further proceedings, except in bankruptcy, to collect a judgment obtained against the bankrupt.

The bankrupt and Sophie M. B. Runge (also known as Lottie M. Runge) were husband and wife.

Differences arose between them and they entered into a separation agreement, wherein and whereby the bankrupt agreed to pay to his said wife the sum of $1,070 in monthly installments of $40 each payable on the 1st day of each and every month until the full amount shall have been paid,

and the said Sophie M. B. Runge (also known as Lottie M. Runge) was by said agreement given the right to declare the entire amount of the unpaid installments due and payable and to institute suit thereon in the event of a default in the payment of any installment.

The bankrupt paid $140 on account thereof and then failed to make further payments.

On or about the 8th day of March, 1934, the said Sophie M. B. Runge commenced an action in the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, against the bankrupt, the complaint in which action demanded judgment for the sum of $930, and was predicated upon the aforesaid separation agreement.

Judgment was rendered against the bankrupt for the sum of $962.90, and an execution against his salary as an employee of the city of New York was filed.

On March 12, 1935, the said Sophie M. B. Runge died, leaving a last will and testament which has been admitted to probate, and the said Georgina Terry is now acting as executrix of the last will and testament of said Sophie M. B. Runge, deceased.

The bankrupt contends that, had he continued to make the payments of $40 per month as provided in the aforesaid agreement, there would have been paid to said Sophie M. B. Runge at the time of her death the sum of $720. That he did pay to his said wife, Sophie M. B. Runge, the sum of $140 before the commencement of the said action, and that the sum of $308.10 has been deducted from his salary by the city of New York on the aforesaid garnishee execution, and that as of April 15, 1936, there was owing upon said judgment the sum of $499.97.

The bankrupt contends as follows:

1. That by reason of the conversion of the claim into a judgment, and the death of his wife, Sophie M. B. Runge, the character of the claim became a personal judgment which is provable and dischargeable in bankruptcy.

2. That if not dischargeable in its entirety it is not dischargeable only to the amount unpaid at the time of the death of his said wife, Sophie M. B. Runge, which was $580.

■ The judgment, sought to be stayed, represents the husband's duty to maintain and support his wife, and a discharge in bankruptcy will not discharge the bankrupt from such liability.

Section 17a (2) of the Bankruptcy Act (title 11, § 35 (second) U.S.C.[11 U.S.C.A. § 35 (second)]) provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (second) are liabilities * * * for maintenance or support of wife or child."

The liability which the bankrupt seeks to avoid by a discharge in bankruptcy is one for maintenance or support of his deceased wife and comes squarely within the provision of the Bankruptcy Act above quoted.

In the case of In re Adams (C.C.A.) 25 F.(2d) 640, it was held that the bankrupt's wife, before divorce to pay her an annuity until her death or marriage, was not to be released by a discharge in bankruptcy, since there was a liability for the maintenance of the wife. The mere fact that the wife may have recovered a judgment against the bankrupt on his liability to maintain and support her does not make the judgment or the debt dischargeable in bankruptcy.

In Maier v. Maier, 77 Misc. 145, 135 N. Y.S. 1038, it was held that the judgment which had been obtained by the wife against the husband was not discharged by the bankruptcy of the husband and the order denying the husband's motion to cancel the judgment of record was unanimously affirmed, by the Appellate Division.

In Wetmore v. Markoe, 196 U.S. 68, at page 72, 25 S.Ct. 172, 174, 49 L.Ed. 390, 2 Ann.Cas. 265, Mr. Justice Day writing for the court said: "The mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view to determining the nature of the liability which has been reduced to judgment." In which case it was held that arrears of alimony awarded to the wife against her husband for the support of herself and their minor children, under a final decree of absolute divorce, were not discharged by the bankruptcy of the husband.

It thus appears that the first ground on which the bankrupt contends that the judgment is dischargeable, viz., the conversion of the claim into a judgment, is not sustained.

■ As to the second ground, on which the bankrupt contends that the judgment

is dischargeable, the bankrupt overlooks the fact that the agreement does not provide for a certain monthly payment for life or until remarriage, but commutes all maintenance thereafter at a lump sum of $1,070 and for convenience provided for monthly payments of $40 each with the right of acceleration if any monthly installment remained unpaid for more than thirty days.

The sum of $1,070 was a lump sum not measured by the length of life of the wife.

She could not have secured more had she lived ten years, and therefore the amount to be paid to her should not be reduced if she lived less than 26¾ months.

The amount she was to receive was not determined by the month, the monthly payments being only for the convenience of the bankrupt; therefore the amount agreed to be paid to her is not divisible by months, and the time of payment having been accelerated, as provided by the said agreement, the whole amount was due her for maintenance at the time of her death.

The judgment is not dischargeable, hence this court has no power to stay proceedings to enforce collection from any sources other than the bankrupt's estate in bankruptcy.

The motion is denied.