## In re HOLLISTER.

District Court, S. D. New York.
Oct. 22, 1942.

John B. Doyle, of New York City, for petitioner.

Wise, Shepard, Houghton & Lebett, of New York City, for bankrupt.

RIFKIND, District Judge.

On July 28, 1942, Paul Merrick Hollister was adjudicated a bankrupt and on the same day an ex parte order was made restraining the enforcement of certain judgments and claims against the bankrupt, except in bankruptcy, until the question of his discharge was determined.

The petitioner, who is the bankrupt's former wife, moves for an order vacating the injunction on the ground that the judgments and claims held by her are not dischargeable in bankruptcy.

There has been considerable litigation between the petitioner and the bankrupt. In 1941, the petitioner obtained a judgment of separation against the bankrupt. As modified on appeal, it provided for the payment to the petitioner of alimony of $10,000 per annum and of $3,000 per annum for the support of the daughter of the parties during her minority. Payments in compliance with this judgment were made to and including April, 1942. On March 9, 1942, petitioner commenced divorce proceedings and while these were pending she recovered two judgments against the bankrupt, one for $13,662.62 and another for $2,703.-33. On the day before the issues in the divorce proceedings were reached for trial, the parties entered into a stipulation dated April 15, 1942.

The stipulation was entitled in the action for divorce, recited the imminence of the trial and that the parties had "agreed upon what is a reasonable provision for the plaintiff's alimony and for the education, support and maintenance of Marion Hollister, daughter of the parties during her minority, and counsel fees, costs and disbursements", and provided:

"1. In the event the plaintiff shall succeed in this action and a judgment of absolute divorce is awarded to her herein, the defendant shall pay to her the sum of Ten thousand dollars ($10,000) per annum for alimony, and he shall pay to her the further sum of Three thousand dollars ($3,000) per annum for the maintenance, support and education of their said daughter, Marion Hollister, during her minority; and all of such payments shall be made in equal monthly installments on the first day of each and every month in advance, commencing on the first day of the month succeeding the date of the entry of an interlocutory judgment herein in favor of the plaintiff.

"2. In the event that such interlocutory judgment shall become final, all payments of alimony at the rate of Ten thousand dollars ($10,000) per annum by the defendant to the plaintiff as above provided shall cease and terminate from and after the date when such interlocutory judgment shall become final; but notwithstanding the termination of said alimony, all payments

for the maintenance, support and education of said daughter, Marion Hollister, as above provided, at the rate of Three thousand dollars ($3,000) per annum, shall continue without interruption during the minority of said daughter."

"4. Beginning on the first day of the month succeeding the date when any interlocutory judgment in favor of the plaintiff herein shall become final, and on the first day of each and every month thereafter, the defendant shall pay to the plaintiff the sum of Eight hundred and thirty three and 33/100 dollars ($833.33) to be applied in discharge and satisfaction of two certain judgments entered in this court in favor of the plaintiff and against the defendant, one for Thirteen thousand six hundred and sixty two and 62/100 dollars ($13,662.62), entered March 12, 1942, and the other for Two thousand seven hundred and three and 33/100 dollars ($2,703.33), entered March 21, 1942, and shall consent to the entry of orders in the actions in which said judgments were rendered directing the defendant as judgment debtor to make said installment payments upon said judgments pursuant to Section 793 of the Civil Practice Act of the State of New York; and upon the payment of said judgments and each thereof by the defendant the plaintiff shall deliver to the defendant, a written satisfaction or satisfactions of judgment. Upon payment of the first of said installments of Eight hundred and thirty three and 33/100 dollars ($833.33) by the defendant, the plaintiff shall withdraw or cause to be withdrawn the garnishee execution upon said judgment for Two thousand seven hundred and three and 33/100 dollars ($2,703.33) now in the hands of the Sheriff of the City of New York."

"7. The defendant shall pay to the plaintiff or John B. Doyle, her attorney herein, the sum of Two thousand five hundred dollars ($2,500) in full for her counsel fees, costs and disbursements in this or any other pending action or legal proceedings between the parties, payable One thousand dollars ($1,000) upon the date that any interlocutory judgment herein becomes final, and the balance in equal installments of Two hundred and fifty dollars ($250) each, on the tenth day of each and every month thereafter.

"8. The plaintiff hereby accepts the considerations above mentioned from the defendant as and for a satisfactory, reasonable and sufficient provision for her whole support and maintenance, and in full satisfaction and discharge of alimony, counsel fees and other claims and demands upon the defendant by the plaintiff; provided, however, that all of the above mentioned payments shall be made as herein stipulated and agreed, and provided that in the event a judgment of divorce is awarded the plaintiff herein, said provisions and considerations for alimony to the plaintiff, custody of said daughter, Marion Hollister, and her support and maintenance, shall, subject to the above named Court's approval and confirmation, be incorporated in said judgment actually or by reference."

The divorce action was duly tried and at the trial the stipulation was received in evidence. The petitioner was successful in the divorce action. In its findings of fact the court found that the parties had entered into the stipulation. In its conclusions of law it imposed the provisions of the stipulation numbered 1 and 2 but no reference was made to 4, 7 or 8. The interlocutory judgment in due course of three months became the final judgment.

The position of the contending parties is, therefore, briefly this: The petitioner regards the judgments and obligations specified in the stipulation as embraced in the language of Section 17, sub. a(2), of the Bankruptcy Act, which makes obligations for "maintenance or support of wife or child" non-dischargeable in bankruptcy.

The bankrupt contends that the judgments and claims are ordinary, dischargeable debts; that the stipulation did not convert them into obligations for the "maintenance or support of wife or child" and the judgment of divorce upon becoming final, contained no provision for the payment of alimony nor for the payment of the judgments and claims.

█ That the obligation to pay alimony is not dischargeable in bankruptcy has long been established. Audubon v. Shufeldt, 1901, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009.

And if the rule were limited to include within the class of non-dischargeable debts only those financial obligations of matrimony which are technically called alimony then the bankrupt would prevail in the instant case. The judgment of divorce in the instant case expressly provided that upon the divorce becoming final payment of alimony should cease and terminate.

But the rule is not so narrowly limited. Section 17, sub. a(2) of the Bankruptcy Act excludes from the benefits of a discharge not only "alimony due or to become due" but also liabilities "for maintenance or support of wife or child". So it was held in this court in In re Webber, D.C., S.D.N.Y. 1933, 4 F.Supp. 106.

A case closely analogous to the case at bar is In re Ridder, 2 Cir., 1935, 79 F.2d 524, 103 A.L.R. 719. It held an obligation, undertaken in a separation agreement, to pay the wife an annuity for her support was not dischargeable, notwithstanding the wife, by the separation agreement, also released an action for alienation of affections which she had commenced. In distinguishing Schnitzer v. Buerger, 237 App.Div. 622, 262 N.Y.S. 385, the court emphasized that in the Ridder case the differences between the parties arose from the marital status and the payments were for the specific purpose of support.

In the instant case, too, § 8 of the stipulation makes the intention of the parties crystal clear. The wife "accepts the considerations above mentioned from the defendant as and for a satisfactory, reasonable and sufficient provision for her whole support and maintenance". The addition of the words, "and other claims and demands upon the defendant by the plaintiff" does not change the basic character of the obligation assumed by the bankrupt. See In re Runge, D.C., E.D.N.Y. 1936, 15 F.Supp. 31.

In the view I have taken of the facts it is unnecessary to decide whether the enumerated judgments are themslves non-dischargeable for the reason that they arose out of the obligation to support a wife and child. Regardless of the origin of the judgments, when they were appropriated for the "maintenance or support of wife or child" they became non-dischargeable obligations.

As was said by the court in D'Andria v. Hageman, 253 App.Div. 518, 2 N.Y.S.2d 832, 835, affirmed without opinion 278 N.Y. 630, 16 N.E.2d 294: "It cannot be disputed that the defendant's indebtedness to the plaintiff as it existed previous to November 2, 1927, would have been discharged by the bankruptcy. When the parties agreed, however, that payment of the indebtedness should serve to release the defendant from his duty to support the plaintiff it no longer constituted payment of a simple debt, for the debt had been converted into a contract 'for the maintenance or support of wife' within the purview of section 17 of the Bankruptcy Act".

The motion is granted. Submit order.