In the Matter of MAX KRUPP, Judgment Creditor, against WINTHROP G. FELTER, Judgment Debtor.

Supreme Court, Special Term, New York County, February 27, 1948.

*Benjamin M. Gottesfeld* for judgment debtor.

*Max Krupp,* judgment creditor in person.

HOFSTADTER, J. A judgment debtor moves to vacate a subpœna served upon his employer as a third party in proceedings supplementary to judgment on the ground that the judgment has been wiped out by a discharge in bankruptcy granted on the judgment debtor's voluntary petition by the District Court of the United States for the Southern District of Florida, Jacksonville Division. The judgment creditor asserts, to the contrary, that the debt on which the judgment is founded is not dischargeable in bankruptcy. This is the question presented for decision.

The judgment creditor is an attorney who prosecuted on behalf of the judgment debtor's wife to a successful conclusion an

action for a separation in the Supreme Court, Nassau County. The formal decision in the separation action found, as a fact, that the defendant husband (the present judgment debtor) had abandoned and deserted his wife and had neglected to provide for her and, as a conclusion of law, that the wife was entitled to a judgment of separation. Pursuant to this decision a judgment of separation was entered in favor of the wife.

The judgment creditor did not apply for a counsel fee in the separation action but chose instead to institute an action in this court to enforce the husband's common-law duty to furnish his wife with necessities. In the action so brought the attorney recovered the judgment now claimed by the judgment debtor to have been discharged in bankruptcy.

Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) excepts from the operation of a discharge in bankruptcy liabilities for " alimony due or to become due, or for maintenance or support of wife or child ". Is the debt on which the judgment in this case rests within the excepted category?

It is settled that the wife's attorney in the separation action may maintain an action against the husband to recover, as necessaries furnished to the wife, the reasonable value of his services to the wife in the separation action (*Naumer* v. *Gray*, 28 App. Div. 529). If, however, the court in the matrimonial action has awarded a counsel fee, the award so made is the measure of the husband's liability (*Dravecka* v. *Richard*, 267 N. Y. 180; *Turner* v. *Woolworth*, 221 N. Y. 425). No such award having been made in the separation action, the judgment creditor was free to proceed as he did, by action. He urges that the liability on which the judgment is founded is one for the wife's support.

Whether a debt is for the wife's support or not depends on its essential nature rather than on the form in which it is garbed. Thus, where a wife in a separation agreement surrendered any claim to support which she might have in return for the husband's promise to repay $60,000 theretofore loaned to him by her, the obligation so assumed by the husband was held one for the wife's maintenance and support, not released by his discharge in bankruptcy, notwithstanding the circumstance that the sum which he agreed to pay was payable to the wife's estate in case of her death (*D'Andria* v. *Hageman*, 253 App. Div. 518, affd. 278 N. Y. 630).

The liability for a counsel fee directed to be paid by an order in a matrimonial action has also been held to be one for alimony not dischargeable in bankruptcy (*Ross* v. *Keith*, 238 App. Div. 640; *Merriman* v. *Hawbaker*, 5 F. Supp. 432). There seems

to be no essential difference between the liability so fixed by court order in a matrimonial action and the liability of the judgment debtor here as fixed by the judgment against him. In the one case as in the other the liability is that imposed on the husband by law to support his wife and to that end to furnish her with the legal services necessary for her protection.

The question is, however, not entirely one of first impression. In *Doyle* v. *Hollister* (39 N. Y. S. 2d 124) Mr. Justice CARLIN in the City Court held that the liability for a counsel fee assumed by a husband in a separation agreement and not embodied in a later divorce decree was for maintenance and support and, therefore, not discharged in bankruptcy. This decision was based on the order of the United States District Court in the husband's bankruptcy proceeding which permitted the attorney to enforce the obligation held by him without restraint of that court " as though the petition in bankruptcy herein had not been filed by the bankrupt." The order in the District Court was made by Judge RIFKIND, who wrote a full and instructive opinion — *Matter of Hollister* (47 F. Supp. 154, affd. on opinion below 132 F. 2d 861).

The *Hollister* case (*supra*) is controlling here. If an obligation voluntarily assumed by the husband in an agreement to pay the wife's attorney for his services in the matrimonial controversy is a liability for the wife's support not released by a discharge in bankruptcy, then necessarily the obligation of the judgment debtor here, imposed on him by law, against his will and over his opposition and fixed by the judgment in favor of the wife's attorney, the judgment creditor, in the circumstances already recited must be held to be one for the wife's maintenance and support. As such it does not enjoy the protection of a discharge in bankruptcy. The motion to vacate the third party subpœna is, therefore, denied. Settle order.