Louis B. Brodsky, Plaintiff, *v.* Jerome P. Fouhy, Defendant.

City Court of the City of New York, Trial Term, New York County, January 13, 1949.

*Arthur M. Wechsler* and *Kalman I. Nulman* for plaintiff.

*Robert E. Himmelstein* and *Julian A. Oshlag* for defendant.

Coleman, J. Plaintiff, an attorney, sues to recover for professional services rendered to the defendant's wife in an action for separation which the wife had brought in the Supreme Court. He is met with the objection that in that action he had obtained an order for temporary alimony and counsel fees which precludes him now from asking for any additional compensation or compensation on a *quantum meruit* basis. (*Turner* v. *Woolworth*, 221 N. Y. 425; cf. *Dravecka* v. *Richard*, 267 N. Y. 180.)

It is, of course, true that after an attorney for a wife in a matrimonial action obtains an order for counsel fees he is '' no longer at liberty, disregarding the limit of the orders, to hold the husband to his common-law liability for necessaries furnished '' (*Turner* v. *Woolworth, supra,* p. 428). But because of certain facts now to be stated, I do not think that the principle of the *Turner* case (*supra*) applies.

In the matrimonial action, the wife's attorney, the plaintiff here, procured an order granting the wife temporary alimony, and counsel fees for $400. One half of the allowance to the attorney was paid; the balance was not to be paid until trial

time. Before trial was reached, husband and wife settled their differences and on the husband's motion, the action was discontinued. But his motion to discontinue also asked for an order vacating the order for alimony and counsel fees. That motion, too, was granted, but the additional request of the husband that the amount of compensation to the attorney be limited to the $200 already paid him was denied. "In the circumstances," the court said (i.e., the settlement and reconciliation), "plaintiff's counsel should not be obliged to accept the first installment of the counsel fee in full payment for the services he has rendered to date. He should be permitted to assert a claim against the defendant for the reasonable value of his services and credit the first installment received by him on account of said claim."

Whether or not these observations of the judge in vacating the order concludes the question before me as *res judicata,* the fact is that the order for counsel fees was vacated and upon the husband's own application. It is not necessary to go so far as to say that the situation is the same as it might have been if plaintiff's attorney had applied for no counsel fees at all, in which event, he would be free to pursue an independent action against the husband for services; but we can, I think, go so far as to say that because of the husband's action in applying for and obtaining a vacatur of the order for counsel fees, he is in no position to interpose that order as a bar to the plaintiff's right to recover on a *quantum meruit* basis (cf. *Naumer* v. *Gray,* 28 App. Div. 529).

I believe that plaintiff's services for the period from the time he was retained until the reconciliation were worth $1,000. Deducting the $200 the plaintiff has already received, there will be judgment in his favor for $800.