Charles Horowitz, J.
This is an application by petitioner’s attorney for an allowance of counsel fees pursuant to section 131 of the Domestic Relations Court Act.
From the facts herein it appears that petitioner wife instituted a proceeding against the respondent husband for support for herself and their child. After a full trial of the issues, the court on September 25, 1956 entered an order of support on a means basis for petitioner and the child. At the conclusion of that proceeding petitioner’s attorney made an application to the court for an allowance of counsel fees and the same was granted and an order accordingly entered.
On December 7, 1956 respondent applied to the court for a rehearing or modification of the support order originally made. The court denied the motion for a rehearing of the entire proceeding but granted a hearing on the question of modification. This hearing was duly held and several hours of testimony taken in behalf of both parties. The amount of the original order was reduced by the court with specific allocation being made for payment of the amount of support so ordered separately to the petitioner and to the child.
The present application by petitioner’s attorney for an allowance of counsel fees pursuant to section 131 of the Domestic Relations Court Act is predicated on legal services rendered to petitioner in opposing respondent’s application for modification of the original support order.
A support order in the Domestic Relations Court, Family Division, is never permanent but is always subject to modification on proof of changed circumstances, requiring an adjustment of an existing support order.
Under subdivision (16) of section 92 of the Domestic Relations Court Act, the Family Division of the court has the power to modify, change or vacate any order that it makes as justice may require and as the premises warrant. It may change its original support order to meet new conditions. (Vendetti v. Vendetti, 31 N. Y. S. 2d 487, 495; Fenelle v. Fenelle, 183 Misc. 123, 125.) That was the disposition of the court in the instant case.
Until the enactment of chapter 603 of the Laws of 1956, effective September 1, 1956 amending section 131 of the Domestic Relations Court Act services performed by attorneys in a *1045 Family Court proceeding for the support of a wife and children could only be recovered in a common-law action on the theory of “ necessaries (Rothstein v. Erickson, 153 Misc. 647, 648; Robinson v. Roberts, 156 Misc. 37; Goldberg v. Keller, 236 App. Div. 541; Sheer v. Foley, 145 Misc. 819.)
The law in this State appears to be well settled that an independent action for legal services rendered in behalf of a wife for her support and the support of a child or children of the marriage is maintainable on the theory of ‘ ‘ necessaries ’ ’; and that such an action will also lie to resist a husband’s efforts to modify and reduce an order of support previously made in the Family Court.
The Domestic Relations Court of the City of New York is a ‘ ‘ tribunal of limited jurisdiction ’ ’, and it cannot assume powers not specifically granted to it under the Domestic Relations Court Act. (Singer v. Singer, 177 Misc. 76.)
Section 131 of the Domestic Relations Court Act as amended confers a remedy to counsel not heretofore existing. Prior to its enactment the only reference to counsel in the Domestic Relations Court Act were the provisions authorizing the parties to be represented by lawyers. No provision was contained in the Domestic Relations Court Act discretionary or otherwise for an allowance to counsel under any circumstances.
The pertinent portion of section 131 upon which the application for counsel fees herein is predicated reads as follows: “In any such hearing or trial by a wife against her husband, the court may, in its discretion, allow counsel fees to the attorney representing the wife.”
In this connection it should be noted that the authority for allowing counsel fees is discretionary. It should be noted further that the language appearing in section 131 limits the power to allow counsel fees to ' ‘ the commencement of a hearing under the provisions of sections one hundred and twenty-eight and one hundred and twenty-nine, or of a trial under the provisions of section one hundred and thirty ”.
The application for allowance before the court does not relate to any proceeding under sections 128, 129 or 130. It does not involve a hearing or a trial under any one of those sections. It involves a proceeding under subdivision (16) of section 92 of the Domestic Relations Court Act which specifically grants the power to modify, change or vacate a support order previously made. Nothing appears in that section or any other section of the Domestic Relations Court Act conferring the right to make any allowance to counsel for a hearing or trial on an application to modify a support order.
*1046 Under the limited authority granted by the Domestic Relations Court Act for the allowance of counsel fees which does not specifically confer power in connection with applications for modifications of an order of support, the application made herein by petitioner’s attorney is denied without prejudice, of course to any rights he might have by common-law action.