John H. Galloway, Jr,, J.
This is a motion by the widow of plaintiff’s attorney for an order amending previous orders for counsel fees heretofore awarded in this matrimonial action. By orders entered prior to the decease of plaintiff’s attorney, he was awarded a total of $1,500 in counsel fees, of which $1,250 has been paid in accordance with the orders. One of the prior orders was for $1,000 for additional counsel fees to defend a counterclaim of adultery interposed by the husband in the plaintiff wife’s separation action. Neither the separation action nor the issues of adultery were brought to trial prior to the demise of the plaintiff’s attorney on September 21, 1965.
*564 For approximately 14 months between the entry of the first order awarding counsel fees to the plaintiff’s attorney and the date of the attorney’s demise, the parties were in protracted settlement negotiations, which had culminated in the preparation of a proposed separation agreement, which was agreed to but never executed by the plaintiff wife. The proposed agreement provided for payment of counsel fees to plaintiff’s deceased attorney by defendant husband in the sum of $5,500 “ for legal services and expenses rendered in the wife’s instance and behalf in connection with the litigation * * * pending in the Supreme Court * * * and the preparation of this agreement * * * against which the husband has paid the sum of $1,250.00, leaving a balance due and owing to the said Mrs. Magenheim in the sum of $4,250.00.” By deducting from the amount of $5,500, the amounts previously paid pursuant to the court orders, the deceased attorney’s widow now seeks to amend the prior orders for counsel fees before the trial of the action to provide for an additional $4,250.
The attorney for the widow, petitioner herein, posits this application on subdivision (a) of section 237 of the Domestic Relations Law, which he contends, by virtue of recent amendments, provides a basis for the application. To support his position, he has referred the court to the Practice Commentary by Professor Siegel (McKinney’s Cons. Laws of N. Y., Book 14, CPLR 237, pp. 283-296 and particularly 286) where it is stated: 11 All of the lawyer’s activities should be susceptible of recognition in a counsel fees award under section 237 ”. It is alleged that for nearly 15 months the deceased attorney strove diligently and with long hours of labor to resolve this difficult marital situation by means of a separation agreement, and that his work had been 99% accomplished, but for his untimely demise and the subsequent change of position by the plaintiff in her refusal to sign the agreement.
The question presented hinges on an interpretation of the word ‘ ‘ activities ’ ’ as used in the commentary, and of the language of subidivision (a) of section 237. In opposition to petitioner’s application, it is argued that the activities referred to in the discussion by Professor Siegel relate to activities in the matrimonial action, and not to such extracurricular activities in which the attorney may become involved in the negotiation of a separation agreement. Our reading of subdivision (a) of section 237 and the commentary leads us to a stricter construction thereof than here urged by petitioner, and to the conclusion that the award of counsel fees therein provided is for services *565 rendered or to be rendered in the prosecution or defense of the actions therein specified.
Professor Siegel notes that former section-1169 of the Civil Practice Act (from which subdivision (a) of section 237 is in part derived) provided for the court requiring the husband to pay counsel fees to enable the wife to carry on or defend an action for separation or divorce “ during the pendency thereof ”, and that the quoted phrase has been omitted in subdivision (a) of section 237. He argues that, absent such phrase, there appears to be no basis upon which to distinguish activities of the attorney in the wife’s behalf before commencement of the action from such activities after the action has been commenced, and then concludes that “ All of the lawyer’s activities should be susceptible of recognition in a counsel fees award under section 237 In our opinion the Professor’s conclusion constitutes a non sequitur, in view of the new statute’s retention of the former provision that the husband may be required to pay such counsel fees to “ enable the wife * to carry on or defend ’ the action There is no clear indication in either the former or the present statutory provision that the court may require the husband to pay counsel fees for services rendered to the wife in any matter other than the precise actions or proceedings expressly enumerated in both statutes. Had the Legislature intended that legal services rendered in the negotiation of a separation agreement in behalf of the wife, whether successful or unsuccessful, were to be included as a service rendered in one or more of the specified matrimonial actions, it could readily have so provided.
The Appellate Division, First Department (by Eager, J.), in construing the effect of an award of counsel fees to the wife on a subsequent claim for additional fees on a quantum meruit basis, said in Wood v. Wood (21 A D 2d 627, 630): “ Moreover, the power of a court upon a motion in a matrimonial action, to fix and direct payment of counsel fees, is purely statutory. The authority of the court extends solely to the granting of allowances for services of the wife’s attorneys rendered in the prosecution or defense of certain specified actions ” (emphasis added).
Legal services rendered to a wife in a matrimonial action are necessaries and her lawyer has at common law a plenary action against the husband for having supplied such services; and in such a plenary suit the amount of the counsel fees is fixed with reference to the results actually achieved in the matrimonial litigation. Section 1169 of the Civil Practice Act, and now subdivision (a) of section 237 of the Domestic Relations Law, have afforded ‘ ‘ the wife and her attorney * * * an additional *566 statutory remedy permitting application for fees prospectively, measured by the services expected to be rendered and the prospects of success in the matrimonial action ” (cf. Elder v. Rosenwasser, 238 N. Y, 427) Tompkins & Lauren v. Glass, 44 Misc 2d 239, 240-241).
We find no decisional authority to sustain petitioner’s interpretation of subdivision (a) of section 237 as including a wife’s attorney’s legal services rendered in the negotiation of a separation agreement within the category of legal services rendered a wife to enable her to prosecute or defend a matrimonial action.
We also note that the remedy afforded by subdivision (a) of section 237 is afforded to both the plaintiff wife and her attorney (cf. Tompkins & Lauren v. Glass, supra). Here the plaintiff wife has not joined in the instant application,
Petitioner’s reliance upon Myers v. Myers (2 A D 2d 835) is misplaced, since the application to fix a wife’s attorney’s fees on a quantum memit basis and to have bis lien for services fixed in such amount, involved legal services rendered in a matrimonial action, i.e,, in the wife’s separation action.
We conclude, therefore, that plaintiff’s deceased attorney could not have recovered under subdivision (a) of section 237 of the Domestic Relations Law for his services rendered in negotiating the proposed separation agreement, and that, accordingly, his widow is not entitled to the relief herein requested.
For the reasons above set forth, the petitioner’s motion is denied,