Benjamin M. Cardozo, Doing Business as Cardozo & Cardozo, Respondent, *v.* Marjorie M. Gulack, Defendant, and Irving Gulack, Appellant.

First Department, April 30, 1968.

*Benjamin Adler* for appellant.

*James Harrington* of counsel (*Kissam & Halpin*, attorneys), for respondent.

*Per Curiam.* This court, in June, 1963, affirmed an order denying a motion by appellant for summary judgment dismissing the complaint herein (*Cardozo* v. *Gulack*, 19 A D 2d 697). In May, 1967 appellant moved to dismiss the action for failure to prosecute, and in the alternative applied again for summary judgment, citing events subsequent to the earlier denial in justification. He was awarded neither relief, and now appeals, confining his attack to the failure to grant summary judgment.

Respondent, an attorney, brought this action to recover from appellant and his wife the reasonable value of legal services rendered the wife in connection with her matrimonial difficulties. We are concerned only with the cause of action alleged against appellant, which proceeds on the theory that the services are chargeable to him as necessaries.

The services performed by respondent consisted of advice to the wife regarding her marital rights and duties and the institution on her behalf of a suit for separation. The complaint in that suit alleged that as a result of appellant's conduct she moved out of their apartment on February 14, 1961. Together with a notice of motion for temporary alimony and counsel fees, the complaint was served on appellant on February 17, 1961. That day or the next he and his wife became reconciled, and her action was never pressed.

On April 11, 1961 respondent served his complaint in the instant action. The second cause of action sets forth the basis of appellant's liability and contains the following allegation:

" SEVENTH : Upon information and belief, that at all the times herein mentioned the conduct of the defendant Irving Gulack justified the defendant Marjorie Mae Gulack in leaving their marital abode and living separate and apart from the said Irving Gulack and commencing an action for a separation against the said Irving Gulack, based upon his cruel and inhuman treatment of the said Marjorie Mae Gulack." By this

allegation respondent gave proper recognition to the doctrine applicable to his claim. The legal concept on which such a claim rests, we said in *Weidlich* v. *Richards* (276 App. Div. 383, 385), is "that a husband is liable for the necessaries of his wife while she is living apart from him due to his fault. His fault and her right to a separate living are the issues in any action for necessaries, whether the action is brought by the wife or by the supplier of the alleged necessaries (*Constable* v. *Rosener,* 82 App. Div. 155, affd. 178 N. Y. 587; *McDermott* v. *Books,* 128 Misc. 17, affd. 218 App. Div. 849)." As pointed out in *McDermott* v. *Books*—like the *Weidlich* case, an action by an attorney—"the burden is upon any one seeking to hold the husband for necessaries furnished to the wife to show that the separation was due to the fault of the husband." And for the plaintiff attorney to make out a prima facie case at trial, more is required, it has been remarked, "than the mere recital by the plaintiff of facts stated to him by the wife and thereafter incorporated in a complaint" (*Levine* v. *Raymond,* 3 A D 2d 36, 39).

It is not unknown that a wife who has for valid reason left her husband may thereafter reunite with him and, as the cases which follow in this paragraph attest, reconciliation in itself will not defeat the attorney's claim. But, as they also show, reconciliation does not dispense with the required showing that the separation was due to the husband's fault. In *Levine* v. *Raymond* (*supra*), the attorney succeeded because an agreement signed by the spouses at the time of reconciliation indicated inadequacy of prior support and the wife testified that the allegations of the complaint in her separation action were true. In *Naumer* v. *Gray* (41 App. Div. 361) the record on appeal shows that the wife testified to the cruel and inhuman treatment which had formed the basis of her action for separation. In *Langbein* v. *Schneider* (27 Abb. N. C. 228, 247, 252) the wife's attorneys relied "on evidence that the actual cruelty of her husband made it necessary for her to sue." In *Kaufman* v. *Farah* (281 App. Div. 48, 50) where a complaint was sustained which alleged discontinuance of the wife's separation action because she had been reconciled with her husband, the court said: "plaintiff must show affirmatively that the suit was brought for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution 'necessary'." In *Arnold* v. *Brill* (139 Misc. 846, 847) it "was admitted at the trial that the conduct of the defendant justified his wife in contemplating the separation action, and that she probably would have

obtained a judgment for separate maintenance." See, also, *Turner* v. *Woolworth* (221 N. Y. 425, 427), where the reconciliation came after a judgment for separation in favor of the wife.

The obstacle respondent faces is that litigation between appellant and his wife, begun and concluded during the pendency of the instant action and after the first denial of summary judgment, has determined that appellant had not been at fault, that his wife had not been justified in leaving him. The reconciliation proved impermanent. Appellant left the marital home in July, 1963 and brought an action for separation. His wife, represented by counsel other than respondent, counterclaimed for like relief. Judgment, later resettled, was entered in August, 1964 in favor of appellant and the counterclaim was dismissed on the merits. Appellant's complaint included instances of culpable conduct on the part of the wife during years preceding her 1961 separation action; it alleged that shortly following the reconciliation she had " reverted to the practices which had created the said discord in the marital life of the parties;" and it recited various practices which she " continued ". The wife's counterclaim, apart from an allegation that appellant abandoned her in July, 1963, is for the most part based, though in general terms, on incidents which preceded her 1961 action and which are detailed in the complaint in that action; and indeed the counterclaim alleges as a ground for separation that " on the 14th day of February, 1961, plaintiff [*sic*] was obliged to flee the marital home as the result of the plaintiff's threatening conduct and upon his repeated advice to the defendant that the 'marriage has to end.' " The judgment recites that the decision of the court found " that plaintiff has sustained the allegations in his complaint and that the defendant has failed to prove a cause of action for separation in her favor by a fair preponderance of the credible evidence and that there is no corroboration for most of her accusations and that she has failed to sustain the allegations of her counterclaim ". The opinion of the court contains the following summary: " Neither party is innocent of ill conduct toward the other. Both have been at fault for the breakup of this marriage. However, defendant has failed to prove a case for separation by fair preponderance of the credible evidence. There is no corroboration for most of her accusations. On the other hand, plaintiff has proved a long series of irritating incidents before and after the first separation that constitute cruel and inhuman treatment. The reconciliation was not a condonation of defendant's irritating activities, but nevertheless, she continued after

reconciliation in the same irresponsible manner. Plaintiff is granted a judgment of separation."

There has thus been, it seems to us, an effective determination in a bona fide action between husband and wife that the first separation as well as the second was not the fault of the husband. Accordingly, the following principle enunciated in the *Weidlich* case (276 App. Div. 383, 385–386, *supra*) controls: " Just as the wife could not maintain an action for counsel fees after the determination of the merits of the principal litigation against her (*Pearson* v. *Pearson,* 230 N. Y. 141) her attorney may not do so in his own right or claim for himself any different consideration, or standard of determining his right to compensation. To hold that the attorney or any tradesman could require a retrial of the marital litigation on a lesser standard of judgment, viz., whether there was reasonable grounds for bringing an action which demonstrably fell short of a carrying conviction to the trier of the facts, would be to duplicate or multiply actions on an illusive issue." (See, also, *Griston* v. *Rosenfield,* 280 App. Div. 273.)

That the action for necessaries was instituted before appellant's matrimonial action does not affect the principle (see *Pearson* v. *Pearson, supra*), nor is it of moment that the latter action was tried by a different attorney. After the decision against the wife on the issue of fault in appellant's action it is not to be supposed that she might have prevailed on that issue had the action first instituted by her proceeded to decree.

We appreciate that to dismiss an attorney's complaint for rendition of services to a defendant's wife when the plaintiff had reason to believe from consultations with his client that she had a meritorious case may often work to deprive him of compensation for services conscientiously rendered. Nevertheless, when as appears here, the information upon which the lawyer proceeds is delusive, established doctrine, familiarity with which must be presumed, precludes relief.

The order entered on July 21, 1967, to the extent that it denies appellant's motion for summary judgment, should be reversed, on the law, with costs and disbursements, and the motion granted.

EAGER and McGIVERN, JJ. (dissenting). We would affirm. The services for which plaintiff seeks recovery were rendered in the years 1959–1961, in connection with an action for separation, alimony and child support. Such action was discontinued because of a reconciliation of the parties. In 1962, the defendant husband moved for summary judgment dismissing plaintiff's complaint in the subject action, which motion was denied

and affirmed by this court in June of 1963 (19 A D 2d 697). The matter has long been at issue and is to be called on the next reserve calendar in Trial Term. Defendant's motion herein was not returnable until June, 1967, and is based on a judgment in favor of the husband rendered in 1964 in a second and independent matrimonial action brought by him.

Laches alone should be sufficient to defeat this motion, not renewed, after a previous denial, until the eve of trial, and based on a 1964 judgment (see *Jordan* v. *Levy,* 16 A D 2d 64). Further, in our view, the *Weidlich* case (276 App. Div. 383) is not controlling. The plaintiff attorney, in the instant case, did not represent the wife in the second matrimonial action wherein the defendant husband was successful, and is not suing for any services in connection with that action. He seeks recovery for services rendered in connection with the wife's prior separation action, the issues in which were never determined on the merits. Although the findings purporting to support the judgment rendered in the second action may constitute proper evidence bearing on pertinent issues of fact in the subject action (cf. *Wood* v. *Wood,* 21 A D 2d 627, 631; Restatement, Judgments, § 111), depending, of course, upon a consideration of the entire record before the court (see *Ripley* v. *Storer,* 309 N. Y. 506), such findings do not conclusively bar the subject action. The doctrines of *res judicata* and collateral estoppel "must not be allowed to operate to deprive a party of an actual opportunity to be heard" (*Commissioners of State Ins. Fund* v. *Low,* 3 N Y 2d 590, 595). Accordingly, we would not dismiss the plaintiff's complaint out of hand but would afford him an opportunity of a trial on the disputed issues of fact.

Botein, P. J., Stevens and Rabin, JJ., concur in *Per Curiam* opinion; Eager and McGivern, JJ., dissent in opinion.

Order entered on July 21, 1967, reversed, on the law, with $50 costs and disbursements to the appellant, and defendant-appellant's motion for summary judgment granted, with $10 costs.