■ In the Matter of FELICIA CASSIERI, Respondent, v. ROBERT CASSIERI, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Kings County, dated July 30, 1968, which granted petitioner's motion to allow a counsel fee to her attorneys. Order reversed, on the law and the facts, without costs, and motion denied without prejudice to petitioner's attorney's bringing appropriate action for the reasonable value of his legal services. In this proceeding an order directing appellant to make payments for support of

petitioner and the parties' children was issued by the Family Court on May 6, 1968. Thereafter, on June 28, 1968, the Family Court issued an order amending the said prior order. Subsequent to the issuance of both these orders, petitioner made her motion for counsel fees. Although the question of counsel fees had been raised at the hearing which resulted in the May 6 order, no formal application was made at that time and, accordingly, the question of counsel fees was never submitted to the Family Court Judge while the proceeding was pending before him, although the Judge suggested to counsel that he do so. Formal application for a counsel fee was made only after an order was entered terminating the proceeding. Section 438 of the Family Court Act provides, insofar as is here relevant: " In any proceeding * * * or at any hearing to modify or enforce an order entered in that proceeding * * * the court may allow counsel fees at any stage of the proceeding, to the attorney representing the wife, former wife or person on behalf of children." In our opinion, the instant application for counsel fees was not made " at any stage of the proceeding " (*Matter of Anonymous* v. *Anonymous,* 39 Misc 2d 995, 998). The entry of the order terminating the proceeding deprived the Family Court of jurisdiction to entertain the application for counsel fees and to make the order appealed from awarding counsel fees. This determination should be without prejudice to any rights petitioner's counsel may have to secure payment for the legal services rendered by him in obtaining the support orders (see *Levy* v. *Kaufman,* 26 Misc 2d 57). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.