In the Matter of Martin STEINGESSER, Bankrupt.

Diana D. DuBROFF, Plaintiff-Appellant,

v.

Martin STEINGESSER, Defendant-Appellee.

No. 820, Docket 78–5059.

United States Court of Appeals, Second Circuit.

Argued April 9, 1979.

Decided June 20, 1979.

Diana D. DuBroff, plaintiff-appellant pro se.

William Steingesser, New York City, for defendant-appellee.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

GURFEIN, Circuit Judge:

Section 17a(7) of the current Bankruptcy Act provides that a discharge in bankruptcy does not release a bankrupt from debts for alimony "or for maintenance or support of wife or child." 11 U.S.C. § 35(a)(7). This case presents the question whether indebtedness for legal services to a bankrupt's wife in connection with an abortive attempt at settlement in a matrimonial dispute falls within this exception to dischargeability.

Plaintiff DuBroff (appellant) is a lawyer who represented Celeste Steingesser, the wife, during negotiations for a separation agreement with appellee Martin Steingesser, her husband. No agreement was made during this period because the parties could not agree upon the terms. Appellant acted for Celeste later in a proceeding in the New York State Family Court for an order for support of Celeste and the couple's child. Such an order was entered on September 21, 1972.

DuBroff sued Martin Steingesser for a fee in a state court for services to his wife in May 1973. She obtained a default judgment, but it was later vacated. DuBroff failed to pursue the state suit thereafter. After Martin Steingesser filed a petition in bankruptcy in January 1976, DuBroff filed a claim in bankruptcy on April 21, 1976, seeking a recovery against the husband for the amount of the previously vacated default judgment—$3500 plus interest and costs. She asked for a declaration that the indebtedness for legal services rendered was not dischargeable, citing § 17a(7) of the Bankruptcy Act.

█ Bankruptcy Judge Galgay ruled in favor of the appellant attorney on the issue of dischargeability and on the claim itself. He relied in part on the erroneous ground, however, that fees could be awarded under Section 237 of the New York Domestic Relations Law for services rendered in other than court proceedings. He granted DuBroff $3100. Upon review by the District Court for the Southern District of New York (Hon. Lloyd F. MacMahon, Judge), the decision of the Bankruptcy Judge was reversed on the ground that DuBroff, as attorney for the wife, had no cognizable claim against the bankrupt husband for her services during settlement negotiations or in the Family Court. The District Judge correctly held that the wife's statutory entitlement to attorney's fees from her husband, N.Y. Dom.Rel.Law § 237(a) (McKinney's), only comes into play when there has been a formal action for legal separation and that the section does not apply to a lawyer's efforts to negotiate a separation agreement. *McKenna v. McKenna,* 49 Misc.2d 563, 267 N.Y.S.2d 984 (Sup.Ct.1966). So far as DuBroff's representation in Family Court proceedings was concerned, Judge MacMahon concluded that while attorney's fees can be collected by statute, Fam.Ct.Act § 438 (McKinney's) (the counterpart of Dom.Rel. § 237), DuBroff could not recover in the Bankruptcy Court because she failed to seek her fee in the Family Court. He also found her guilty of laches, since she started her action for fees in the Bankruptcy Court several years after her Family Court appearance. Since he held that there was no cognizable debt, the District Judge did not reach the dischargeability issue.

█ We hold that where under state law a lawyer has a common law claim for services to a wife apart from a statutory fee for services in court such claim is not dischargeable in bankruptcy under Section 17a(7) of the Bankruptcy Act.

█ In *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509, 517–18 (2d Cir. 1973), we held that, under New York law, Section 237(a) was not an exclusive provision for legal fees in domestic relations matters, but that an attorney has a common law claim as well. We said there, recognizing the husband's duty to

---

* Honorable Lawrence W. Pierce, U. S. District Judge for the Southern District of New York, sitting by designation.

provide the wife with necessaries, that the principle of the common law fee action "is that until the marriage relationship is severed, the husband is liable to his wife or his wife's creditors for her support and the support of his children." *Id.* at 517. *See Schwartz v. Aberbach,* 66 Misc.2d 246, 319 N.Y.S.2d 1021 (Civ.Ct.N.Y.1971); *Levine v. Levine,* 48 Misc.2d 15, 263 N.Y.S.2d 997 (Civ.Ct.N.Y.1965), *aff'd,* 50 Misc.2d 39, 269 N.Y.S.2d 243 (Sup.Ct.1966). *And see Roscini v. Roscini,* 45 A.D.2d 254, 257, 357 N.Y. S.2d 227 (4th Dep't 1974).

Necessaries "include necessary counsel fees that the wife may incur." *Phillips, Nizer, supra,* at 517; *Dravecka v. Richard,* 267 N.Y. 180, 182, 196 N.E. 17 (1935); *Elder v. Rosenwasser,* 238 N.Y. 427, 144 N.E. 669 (1924); *Ahearn v. Ahearn,* 4 Misc.2d 1043, 158 N.Y.S.2d 848 (Fam.Ct.1957); *Brodsky v. Fouhy,* 197 Misc. 296, 94 N.Y.S.2d 626 (Civ. Ct.N.Y.1949).

■ Attorney's fees in connection with a separation action and settlement negotiations that ended in a reconciliation and support agreement have been held to be necessaries. *Levine v. Raymond,* 3 A.D.2d 36, 157 N.Y.S.2d 799 (4th Dep't 1956). Even a subsequent reconciliation does not prevent recovery by a lawyer for his preliminary efforts toward a separation. *Cardozo v. Gulack,* 30 A.D.2d 42, 43, 289 N.Y.S.2d 593 (1st Dep't 1968); *Arnold v. Brill,* 139 Misc. 846, 250 N.Y.S. 164 (Mun.Ct.N.Y.1931). *See also Weiss v. Melnicove,* 218 Md. 571, 147 A.2d 763 (1959) (fee for drawing settlement agreement which was never executed held to be a "necessity" for which wife can recover).

■ The lawyer may also bring an action for necessaries in lieu of resorting to the statutory remedy of Family Court Act § 438. *See Cassieri v. Cassieri,* 31 A.D.2d 927, 928, 298 N.Y.S.2d 844 (2d Dep't 1969); *Marcia D. v. Donald D.,* 85 Misc.2d 637, 639, 642–43, 380 N.Y.S.2d 904 (Fam.Ct.1976).

■ Since DuBroff had a claim for fees as necessaries, the debt is not dischargeable in bankruptcy under Section 17a(7). *Jones v. Tyson,* 518 F.2d 678, 680 (9th Cir. 1975); *Damon v. Damon,* 283 F.2d 571, 573 (1st Cir. 1960); *Krupp v. Felter,* 191 Misc. 726, 727,

77 N.Y.S.2d 665 (Sup.Ct.1948), *aff'd,* 274 App.Div. 761, 80 N.Y.S.2d 725 (1st Dep't 1948). *See Golden v. Golden,* 411 F.Supp. 1076 (S.D.N.Y.) (Weinfeld, J.), *aff'd on opinion below,* 535 F.2d 213 (2d Cir. 1976).

■ The test is whether the debt has its "genesis in [the] . . . failure [to provide support] and [in the husband's] . . . continuing obligation to support his wife and child." *Golden v. Golden, supra,* at 1078. *See* 1A *Collier on Bankruptcy* ¶ 17.-19, at 1670.1 (14th ed.).

■ It is not material to dischargeability whether the fee was awarded by a judicial decree. *See, e.g., In re Hollister,* 47 F.Supp. 154 (S.D.N.Y.1942), *aff'd on opinion below,* 132 F.2d 861 (2d Cir. 1943) (stipulation for support); *In re Gorski,* 25 F.Supp. 551 (W.D.N.Y.1938) (settlement). There is no public policy that compels resort to the courts.

Since the Bankruptcy Judge did not reach the question of laches on the basis of this opinion, he may consider that defense under the general principles applicable. The judgment of the District Court is reversed and the matter is remanded to the Bankruptcy Court for further disposition in accordance with this opinion.