698

In the Matter of KEVIN J. TALTY, Respondent, v ETHEL A. TALTY, Appellant. [928 NYS2d 749]—

Family Court Act § 438 (a) provides: "[i]n any proceeding under this article, including proceedings for support of a spouse and children, or for support of children only, or at any hearing to modify or enforce an order entered in that proceeding or a proceeding to modify a decree of divorce, separation, or annulment, including an appeal under article eleven, the court may allow counsel fees at any stage of the proceeding, to the attorney representing the spouse, former spouse or person on behalf of children."

As we read the plain text of Family Court Act § 438 (a), the language "[i]n any proceeding under this article" includes "an appeal under article eleven" (Family Ct Act § 438 [a]). Thus, the plain meaning of the statute supports the interpretation that a request for an attorney's fee can be made "at any stage of the proceeding," which includes "an appeal under article eleven" (Family Ct Act § 438 [a]). In this context, therefore, the "proceeding" does not conclude until the appellate process has concluded. Stated differently, the proceeding is terminated when an appeal has concluded and no more appellate relief is available, or when the time to file an appeal has expired.

Applying this interpretation of the statute to the facts of this case, the mother's motion for an award of an additional attorney's fee was timely, as the appellate process had not yet concluded at the time the motion was made (see generally Label v Label, 78 AD3d 1127 [2010]; Matter of Salvati v Salvati, 242

AD2d 538 [1997]). To the extent that any of our decisions suggest otherwise (*see Matter of McGrath v Parker*, 41 AD3d 852 [2007]; *Matter of Cassieri v Cassieri*, 31 AD2d 927 [1969]), they are no longer to be followed.

The father's remaining contention is not properly before this Court. Covello, J.P., Belen, Hall and Cohen, JJ., concur.