Benjamin Gassman, P. J.
This motion is made by the mother in a paternity proceeding for an order increasing the weekly payments for the support of the child from $6 to $100. The court is also asked to direct the defendant to pay to the mother a reasonable amount as counsel fees for services rendered by her attorney on this application.
On May 11, 1951, an order of filiation was entered herein, directing the defendant to pay the sum of $5 weekly for the support of the child. Thereafter, on March 4, 1953, the amount was increased to $12 per week. On January 14, 1955, this amount was reduced to $6 per week, which is the amount payable now.
The moving papers allege that the defendant is a man of means. It is stated that he owns a home in Teaneck, New Jersey, which he purchased in 1953 for $27,000, and which home is now worth between $35,000 and $40,000. It is also alleged that the defendant owns a one-third interest in a dance hall and bar in New York City, the rental of which is $1,000 per month; a half interest in another dance hall in New York City, the rental of which is $800 per month; and that he owns a cabaret in Teaneck, N. J. which does an annual business of over $250,000. The defendant, according to the moving papers, owns a 1955 Buick automobile and a 1958 Chrysler automobile and has an income of over $2,000 per week. The defendant, resisting this motion, categorically denies the above allegations. The issue thus presented to the court is clearly defined.
In Schaschlo v. Taishoff (2 N Y 2d 408), the Court of Appeals held that in a filiation proceeding the court should consider not alone the mother’s station in life, but also the father’s financial ability to provide support for the child. In that case, the defendant, admitting paternity, stipulated that he was capable of paying any award which the court would make within the limitations of subdivision 4 of section 61 of the New York City Criminal Courts Act. The trial court, limiting the inquiry solely to the mother’s station in life and without inquiring into the financial means of the father, fixed the weekly support at $40. The Appellate.Division, acting on the defendant’s stipulation, modified the order by increasing the weekly support to $75 (1 A D 2d 543). The Court of Appeals reversed *755 the order of the Appellate Division, holding that the only evidence of the defendant’s financial means considered by the courts below was that the defendant lived in a well-appointed apartment in a fashionable hotel, and that “ [t] his evidence is, as a matter of law, too scant to serve as a basis for modification ” (p. 413). The court also held that “ [t]he omission to inquire more fully into the father’s means violated both the letter and the spirit of the act” (p. 411). Accordingly, the case was remanded to the trial court for further proceedings in conformity with the opinion of the Court of Appeals.
I construe the opinion of the Court of Appeals as a direction to this court, in a case such as this, where sharp issues of fact are presented as to the defendant’s financial means, not to decide such issues on affidavits, but to take testimony for the purpose of determining those issues.
The question of counsel fees at this stage of the proceedings presents a more serious question.
Subdivision 4 of section 69 of the New York City Criminal Courts Act, effective September 1, 1958 (L. 1958, ch. 490) provides: “ When an order of filiation is made, the court, in its discretion, may order the defendant to pay necessary counsel fees to the mother if she is unable to pay such counsel fees.” Prior to the enactment of the above section, there was no provision ip the New York City Criminal Courts Act for the payment of any counsel fees to the mother.
While, at first glance, it would appear that the language of subdivision 4 of section 69 would require that the order, if any, fixing counsel fees, must be made simultaneously with the making of the order of filiation, I do not interpret it so. By providing that the court may order the defendant to pay counsel fees “ [w]hen an order of filiation is made,” the Legislature did not intend to place counsel fees in the same category as the reasonable expenses of the mother’s confinement or the reasonable expenses of the mother’s pregnancy. (N. Y. City Crim. Cts. Act, § 61, subd. 4.) These two items of expenses occur only once and are therefore determinable and properly fixed at the same time that an order of filiation is made. Counsel fees, however, are in a different class.
One can easily envisage a situation where an order of filiation is made, which fixes the amount of weekly support at a moderate figure because the father’s financial condition at the time may not warrant a larger figure. At a later time, the father’s financial condition may improve considerably, while the mother’s financial condition may become worse. Assuming that in such a case, the mother found it necessary to retain an *756 attorney for the purpose of applying for an increase in weekly support, and assuming that such attorney would render considerable services in such application and would be successful in obtaining such an increase under section 72 of the act, would it be reasonable to assume that the Legislature had intended that such legal services be paid for by the mother, who had no means, and not by the father, who had? Is it logical to assume that the Legislature intended to bar legal fees for services rendered to the mother after the order of filiation was made? Such a narrow construction cannot be made of the language in subdivision 4 of section 69. “ [T]he statute under review should be liberally construed ”, said the Court of Appeals in Schaschlo v. Taishoff (supra, p. 411). It may be true that if no counsel fees were asked for services rendered in obtaining an order of filiation, they may be deemed waived, just as would be confinement or pregnancy expenses. However, any legal services rendered after such order was made cannot be deemed barred, for they could not have been asked for “ [w]hen [the] order of filiation [was] made.” The words “ [w]hen an order of filiation is made ’ ’ should be construed to mean ‘ ‘ Once an order of filiation is made ’ ’ and the provision for the payment of counsel fees must be deemed to apply to any legal services necessarily rendered after September 1, 1958, regardless of the fact that the order of filiation may have been made prior to that date.
Accordingly, I direct that a hearing be had before this court, at which oral and written evidence will be adduced bearing on the mother’s station in life and on the father’s financial means, for the purpose of determining whether any increase in the weekly support should be ordered and whether the defendant should be directed to pay any counsel fees to the mother.
In his opposing affidavit, the defendant contends that “ if further proceedings are warranted, they should be before a full bench ”. I do not so construe the law. In defining the word “ court ”, the New York City Criminal Courts Act (§ 61, subd. 5), provides that “ when a defendant denies paternity, the trial in that proceeding shall be held in a part * * * presided over by three justices.” The statute thus provides for a trial by a full bench only for the purpose of determining paternity. Hence, any other applications or motions may be made to one justice assigned to the Paternity Part, as indeed they now are and have been made for many years. The hearing hereby ordered is to be had before one justice of this court assigned to the Paternity Part of this court.
*757 The hearing will be held in Part IV of this court, on October 21, 1959, at 2:00 p.m. at which time both parties and their witnesses are directed to appear ready to proceed.
This decision constitutes the order of this court.