Richards W. Hannah, J.
This motion presents a novel question and is one of first impression.
The petitioner moves for an order for counsel fees in the amount of $750 for her attorney to represent her upon an appeal taken by the respondent to the Appellate Division from an order of this court. The order, dated May 2, 1962, is in the amount of $20 per week for the support of a child and fixed the arrears at $8,975. A notice of appeal was filed on May 29, 1962. The appeal appeared on the calendar in the Appellate Division in May, 1963, and was adjourned to the Fall Term.
At the hearing in this court, the petitioner was represented by the Corporation Counsel pursuant to section 254 of the Family Court Act. She now wishes to retain an attorney of her own choice to handle the appeal since she states that the Corporation *996 Counsel’s office had advised her attorney that his office will not represent her on the appeal since she has now appeared hy counsel. Counsel has appeared only to make this motion.
The respondent opposes this motion upon these grounds: (1) there is no necessity or justification for the requested allowance; (2) there is no probability of success, and (3) there is no statement setting forth what, if anything, has been paid to counsel, (4) an inability on respondent’s part to pay counsel fees and (5) that petitioner has not obeyed the orders of this court concerning visitation.
The respondent’s attorney states in his affidavit that he was informed by the Corporation Counsel’s office that if the petitioner’s counsel does not handle the appeal, the petitioner will be represented by the Corporation Counsel’s office.
The important question here is whether this court has the power to award counsel fees upon an appeal. The respondent has hinted at this objection but submits nothing to support his position. The petitioner seeks to apply the practice in the Supreme Court, as set forth in the Civil Practice Act in matrimonial matters, if the Family Court Act does not cover this application.
The petitioner is certainly entitled to be represented by counsel of her own choice, but it appears that she is not able to pay for such services. The only attorney who has appeared for her is the attorney who has made this motion for her for counsel fees.
Our courts are granted the power to award counsel fees. However, the power is purely statutory and the statutes are worded differently in different courts. Section 438 of the Family Court Act provides: “In any proceeding under this article by a wife against her husband, including proceedings for herself and her children, or by her on behalf of her children only, the court may at either the original hearing or any subsequent hearing affecting the original order allow counsel fees to the attorney representing the wife.” (Italics supplied.)
The issue presented is the meaning of the words: ‘ ‘ may either at the original hearing or any subsequent hearing affecting the original order ’ ’. Research has failed to reveal any cases where this problem his been discussed. Reference to the report of the Albert Committee on the Reorganization of the Courts for the new Family Court Act has failed to reveal any new material of a helpful nature.
One starts with the proposition that the power of the court is granted by statute. The court has the power to grant counsel fees “ either at the original hearing or any subsequent hearing *997 affecting the original order”. Admittedly, counsel fees were not requested at the original hearing or at any subsequent hearing where the terms of the original order were affected. This was due to the fact that the Corporation Counsel represented petitioner at the time. However, respondent has appealed to the Appellate Division. Now petitioner seeks funds to pay the attorney of her own choice.
There is no power in the Appellate Division to grant petitioner counsel fees to defend this appeal if this court does not do so. (Rosenfield v. Rosenfield, 282 App. Div. 761.)
The petitioner has not cited any cases to support her position under the Family Court Act. The petitioner seeks to apply the principles of section 1169 of the Civil Practice Act which governs the granting of counsel fees in the Supreme Court in matrimonial actions. This section provides: “In an action for divorce, separation, or annulment # * * the court, in its discretion, during the pending thereof, from time to time, may make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action * * * having regard to the circumstances of the respective parties ”. Under this section the court may grant counsel fees to the wife when she shows that an action is pending, a marriage is involved, a reasonable probability of her success, the necessity for the allowance for counsel fees and her husband’s means, her needs and the expense. Allowances can only be made for prospective services (Beadleston v. Beadleston, 103 N. Y. 402). The Justice at Special Term makes the order for counsel fees not only for the trial court proceedings, but also for the appeals in the appellate courts. The money is payable to the wife; not to the counsel.
The purpose of an allowance for counsel fees was stated in Beadleston v. Beadleston (103 N. Y. 402, 405) where the court said:
“ The purpose of the statute is to furnish the wife means to carry on her action or to defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred.
“ There is ample power in the court to make allowances from time to time to enable a wife to carry on her defense, and when she needs money for that purpose she must apply for it. But if she has succeeded in making her defense from her own means, or upon her own credit, she cannot, before judgment, while the action is pending, have an order compelling her husband to pay such expenses; and there is no statutory authority in the court to make such an order, and thus compel him to pay her debts.”
*998 It would appear that the purpose of the Family Court Act is not the same but is to pay attorneys for services rendered, not services to be rendered.
A comparison of section 1169 of the Civil Practice Act with section 438 of the Family Court Act, shows these important differences. The Family Court Act restricts the time when counsel fees may be granted to ‘ ‘ either at the original hearing or any subsequent hearing affecting the original order ”. Section 1169 places no limitation on the time when such an application can be made whereas the Family Court Act limits it to the original hearing or any subsequent hearing affecting the original order. This would appear to limit the allowance of counsel fees to the original hearings, which would be those up to and including the making of the first order and to those subsequent hearings where modifications of the order were sought as to amount, visitation and enforcement.
The Family Court Act provides that the court ‘ ‘ allow counsel fees to the attorney”, whereas the Civil Practice Act and the cases construing this section hold that the counsel fees are payable to the wife. Moreover, in the Family Court if the order is not paid the Probation Department is authorized to act and endeavor to settle the matter.
The Civil Practice Act provides for counsel fees “ during the pendency thereof ”, which our courts have construed to include appeals. The Family Court Act does not have this extension of time. While it is true that both the Supreme Court and the Family Court have continuing jurisdiction over the litigation, I do not believe that this jurisdiction includes the granting of counsel fees by this court on appeals.
It is my opinion that section 438 of the Family Court Act is not broad enough to include counsel fees, prospective, past or present, on appeals.
In Ahearn v. Ahearn (4 Misc 2d 1043) Judge Horowitz of this court disallowed an application for counsel fees where they were requested by the wife’s attorney on a hearing brought on by respondent’s (husband) application to modify the order. As this decision pointed out, the section of the Domestic Relations Court Act of the City of New York (§ 131) only allowed counsel fees at the commencement of a hearing under sections 128 and 129 or a trial under section 130. The court held that there was nothing in the statute to permit an award of counsel fees when an application to modify an order of support was made under subdivision 16 of section 92. Subsequently, this section was amended by chapter 342 of the Laws of 1958 to provide for *999 counsel fees ‘ ‘ either at the original hearing or any subsequent hearings affecting the original order The amendment cured the omission in the statute so that counsel fees may now be granted in that situation. Subsequently, this section was amended by chapter 213 of the Laws of 1961 to enlarge the section to include ‘1 proceedings for herself and her children, or by her on behalf of her children only”. This amendment came about after the case of Jacobson v. Jacobson (9 A D 2d 605) where the court held that the statute did not confer the power to award counsel fees in a proceeding brought to seek support for the children only.
Recently, the case of Gordon v. Lipshie (18 A D 2d 1066 [1st Dept.], revd. 13 N Y 2d 775) established that a divorced wife might be allowed counsel fees when she sued on behalf of the children. It was the holding of the Appellate Division that since section 438 did not make reference to a proceeding brought by a former wife that counsel fees could not be granted since the court did not have the power. The Court of Appeals held that it was not the intention of the Legislature to discriminate in this regard against the children of divorced parents in favor of those whose parents may be separated but not divorced.
Thus, we see an evolution of a statute, which has been amended to correct omissions as they appeared.
I believe that these amendments show that the powers of this court are strictly limited to the terms of the statute. I do not feel that counsel fees for services rendered on appeal, either of a prospective, present or past nature, are contemplated in the statute. While I certainly feel that a litigant should be represented by an attorney of her own choice on an appeal, this section does not contemplate the counsel fees sought. If the Legislature feels that counsel fees for services rendered to a wife or children in the Appellate Division or the Court of Appeals should be allowed, and I certainly think they should be, then section 438 of the Family Court Act should be amended to specifically grant such power. Moreover, it should be remembered that many more cases of this court are going to be passed upon by appellate courts due to the increased jurisdiction of this court. Important property rights and personal rights are involved. Certainly the court should be given power to award counsel fees on appeals and not relegate attorneys to actions at law to receive fees for their services.
These same comments can be made in reference to section 536 of the Family Court Act in paternity cases, where here again there is no provision for counsel fees for the petitioner on appeal.
*1000 If the petitioner still wishes to retain her own attorney, she certainly has this right and if she is unable to pay for such services, the attorney may pursue his remedy against the respondent for the reasonable value of his services in the Civil Court. The motion for counsel fees is denied.