■ In the Matter of MARLENE GIACOMAN, Respondent, v. ENDRE L. BOER, Appellant.— Order entered on February 3, 1965 in the Family Court granting petitioner-respondent's application for a counsel fee and directing payment thereof by the respondent-appellant affirmed, with $30 costs and disbursements to petitioner-respondent. Section 536 of the Family Court Act empowers the Family Court, once an order of filiation is entered, to, in its discretion, "allow counsel fees to the attorney for the mother, if she is unable to pay such counsel fee". The issue presented on this appeal is whether the power granted by such statute permits an allowance for counsel fees incurred by the mother in defending against an appeal taken from the order of filiation. The statute, while not expressly providing for counsel fees on appeal, is broad enough to permit such allowance. However, it is argued that the Legislature evidenced an intention not to permit an allowance upon appeal when it amended section 438 of the Family Court Act to expressly permit such an allowance in support proceedings while it did not similarly amend section 536. Such a conclusion is not warranted. Prior to the amendment, section 438 permitted the allowance of counsel fees only "at the original hearing or any subsequent hearing affecting the original order". It is evident that such

language precluded the court from awarding counsel fees on appeal. To obviate such preclusion and to enable the court to allow fees in such cases the statute was amended so as to permit counsel fees "at any stage in the proceeding, including an appeal". Section 536, on the other hand, did not contain the restrictive language of the original section 438 limiting the court's power to award fees to the "original hearing or any subsequent hearing." To the contrary it provides that "Once an order of filiation is made, the court in its discretion may allow fees to the attorney for the mother, if she is unable to pay such counsel fees." There is no limitation as to when such application may be made, nor is there any indication that the services contemplated are only those rendered up to the entry of the filiation orders. As a result no amendment of section 536 analagous to that of section 438 was necessary. Not being necessary the failure to so amend may not be given the significance which respondent seeks to attach to it. In any event, even if section 536 were considered to be ambiguous it should be construed in a manner permitting the allowance of fees upon appeal. It would be completely illogical — as well as contrary to the legislative intent expressed in the amendment to section 438 — to conclude that while an indigent mother is enabled to retain counsel to obtain a filiation order she may not be put in a position to defend such order on appeal. Concur — Botein, P. J., Rabin, Eager and Bastow, JJ.; Valente, J., dissents in the following memorandum: I dissent. I would reverse the order, on the law, and deny the application. Petitioner in this paternity proceeding sought counsel fees for her attorney for services rendered in successfully sustaining the order of filiation and support in the Appellate Division and the Court of Appeals. (*Matter of Giacoman* v. *Boer*, 21 A D 2d 873, affd. 15 N Y 2d 554.) The power to award counsel fees in the Family Court is strictly limited to the grant of such power by the statute. Section 536 of article 5 of the Family Court Act provides that "Once an order of filiation is made, the court in its discretion may allow counsel fees to the attorney for the mother, if she is unable to pay such counsel fees". Section 536 was derived from section 69 of the New York City Criminal Courts Act, which was construed in *Anonymous* v. *Anonymous* (20 Misc 2d 753) to permit an allowance of counsel fees upon an application to increase the payments for the support of the child. However, no court has, until this case, made an award for counsel fees on an appeal in a paternity case. Section 438 of the Family Court Act — dealing with counsel fees in support proceedings under article 4 of the act — was construed, before its amendment by chapter 52 of the Laws of 1964, as not authorizing an award of counsel fees on appeals. (*Matter of Anonymous* v. *Anonymous*, 39 Misc 2d 995.) By the amendment in 1964, the Legislature gave specific authority to the Family Court, in support proceedings under article 4, to allow counsel fees "at any stage in the proceeding, including an appeal". However, section 536 was not amended. As a consequence, section 536 should be construed in the same fashion as section 438 was interpreted, before its amendment, as not including a power to award counsel fees upon appeals in paternity proceedings. Obviously, different considerations enter into determining, as a matter of policy, whether counsel fees on appeal should be granted in paternity cases from those involved in support proceedings brought by a wife. It is for the Legislature, and not the courts, to weigh those considerations and reach a conclusion as to granting or withholding such power. In the absence of a statutory grant of such power, it was error, as a matter of law, for the Family Court in the instant case to award counsel fees to petitioner for the legal services rendered upon the appeals. Reliance by the Family Court Judge upon the decision of this court in *Bartsch* v. *Seneca* (22 A D 2d 773) was wholly

unwarranted. In that case, a motion was made in the Appellate Division for a counsel fee. While it appears that our denial of the motion was without prejudice to an application under section 438 of the Family Court Act, there was no holding on that motion that section 438 was the proper governing statute in paternity proceedings. The papers on that motion did not indicate that the parties were seeking relief — as they should have been — under section 536. In the main, the papers there were concerned with the quantum of the requested award rather than any question of power. The parties in *Bartsch* neither presented nor briefed the question of the power of the Family Court. All that *Bartsch* held was that the Appellate Division, in any event, had no power to grant the counsel fees. Any implication that *Bartsch* approved the power of the Family Court to grant counsel fees for services on appeals in paternity cases should be repudiated.