■ PERFECT BRASSIERE COMPANY, INC., Respondent, v. E. DE GRANDMONT COMPANY, Appellant-Respondent, and PLEVER BACKING CORPORATION, Appellant. — Judgment herein appealed from unanimously reversed on the law and a new trial ordered as to both defendants, with $50 costs to abide the event. At the conclusion of an extended trial the court directed a verdict in favor of plaintiff against both defendants, and further directed the jury to find judgment over in favor of defendant, E. De Grandmont Company, against the codefendant Plever Backing Corporation. If the jury, as the trier of the facts, could by no rational process have found in favor of these defendants upon the evidence presented, a directed verdict would have been proper (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245). On the record before us clear issues of fact are presented, both as to the basic issue of liability, i.e., did any act or omission of these defendants or either of them breach a duty owed to this plaintiff proximately causing damage to it, and as to the extent of plaintiff's damage. In light of the evidence, including the conflicting expert testimony, the testimony of plaintiff's employees and that of the fire department official concerning the fire and its possible or probable cause, and the testimony of the extent of the alleged loss, it was for the jury to make the final determination. Under these circumstances it was clearly error for the court to usurp the jury's function by directing a verdict for the plaintiff. The jury certainly was not bound to accept the opinion of plaintiff's expert as to the cause of the fire, and reject all other evidence contrary thereto, nor to accept every item of claimed loss as final and definitive. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ In the Matter of DORIS BARTSCH, Appellant-Respondent, v. CARLO SENECA, Respondent-Appellant.— Order entered September 28, 1964, herein appealed from, unanimously modified on the law to strike the provision directing payment of counsel fee for petitioner in the sum of $750, and as so modified is otherwise affirmed, without costs or disbursements to either party. In this filiation and support proceeding respondent appeared on the return day and acknowledged paternity of the infant. The question then remaining was what provision should be made for support of such infant. While the court has power, once an order of filiation is made, to allow counsel fees to the attorney for the mother, such discretionary power can only be exercised " if she is unable to pay such counsel fees " (Family Ct. Act, § 536; *Anonymous* v. *Anonymous*, 20 Misc 2d 753). There was no showing here that the petitioner was unable to pay a counsel fee; on the contrary the record indicates that she had already paid the sum of $2,500 to her attorney. Concur — Rabin, J. P., Stevens, Steuer and Staley, JJ.