CHARLES E. VOORHES, JR., et al., Respondents, v. JOSEPH PARTANNA et al., Appellants.— In an action to recover damages for the conversion of certain personal property, and for related relief, the defendants appeal from a judgment of the Supreme Court, Nassau County, entered August 18, 1964 upon the court's oral decision after a nonjury trial in the plaintiffs' favor. Pursuant to written stipulation between the parties dated September 2, 1965, the appeal is discontinued, without costs. Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.

In the Matter of GERTRUDE JAEGER, Respondent, v. JONAS D. SCHERER, Appellant.— In a proceeding to establish paternity pursuant to statute (Family Ct. Act, § 511 *et seq.*), the alleged father appeals from an order of the Family Court, Nassau County, entered April 1, 1965, which adjudged him to be the father of the child, and *inter alia* directed him to support said child. Order affirmed, with costs. No opinion. (See *Matter of Jaeger* v. *Scherer*, 24 A D 2d 878.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

In the Matter of GERTRUDE JAEGER, Respondent, v. JONAS D. SCHERER, Appellant.— Motion by petitioner-respondent to direct appellant to pay $500 to her for counsel fees upon the appeal from an order of filiation, denied without prejudice to an application to the Family Court under section 536 of the Family Court Act for such relief (cf. *Bartsch* v. *Seneca*, 22 A D 2d 773). In our opinion, the statute empowers the Family Court to grant an allowance of counsel fees to be incurred by the mother in defending against an appeal taken from an order of filiation (*Matter of Giacoman* v. *Boer*, 23 A D 2d 737). (See *Matter of Jaeger* v. *Scherer*, 24 A D 2d 878.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

## (November 15, 1965)

MARJORIE A. BERG, an Infant, by Her Guardian ad Litem, RUSSELL J. BERG, et al., Respondents, v. PATRICIA MASSLER et al., Appellants.— In a negligence action by an infant and her father to recover damages for personal injuries, medical expenses, etc., defendants appeal from an order of the Supreme Court, Nassau County, entered August 6, 1964 which granted plaintiffs' motion to set aside a jury verdict in favor of defendants, and directed a new trial. Order reversed on the law and the facts, with costs; motion denied; and verdict reinstated. In our opinion, the verdict was not contrary to the weight of the evidence and there is nothing in the appendix to support the trial court's view that the conduct of defendants' trial counsel deprived plaintiffs of a fair trial. At no time during the trial was any claim or comment made by plaintiffs' counsel or by the court which would reflect a belief on the part of either of them that the conduct of defendants' counsel could be the basis for setting aside a defendants' verdict. Christ, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Hill, J., dissents and votes to affirm the order.