JUNE SCHNEIDER, Plaintiff, *v.* RICHARD L. SCHNEIDER, Defendant.

Supreme Court, Special Term, Kings County, January 31, 1967.

898

*Moss, Wels & Marcus* (*James L. Adler, Jr.,* and *Richard H. Wels* of counsel), for plaintiff. *Hays, Sklar & Herzberg* (*Robert Wolf* and *Peter S. Kolevzon* of counsel), for defendant.

VINCENT D. DAMIANI, J. Plaintiff makes two motions pursuant to subdivision (b) of section 237 of the Domestic Relations Law. The first is for an order requiring defendant to pay plaintiff's counsel fees and expenses for services rendered to plaintiff in connection with *appeals* from an order of this court dated June 8, 1965 to the Appellate Division by the defendant and to the Court of Appeals by the plaintiff. The second is for counsel fees and expenses incurred by plaintiff in making application to *this court* for support and maintenance of the infant child of the parties and restraining arbitration thereof which resulted in the appeals.

The parties were married in 1957. A daughter was born in 1958. In 1959 the parties separated and an action for separation was commenced by plaintiff in 1960. The action was discontinued and the parties entered into a separation agreement on February 27, 1960, which provided, among other things, for payment by defendant to plaintiff of the sum of $142 per week for the support of plaintiff and child without any allocation between them. In March, 1960, plaintiff obtained a decree of divorce in Alabama. That decree incorporated the separation agreement which survived the decree. Thereafter the defendant remarried and plaintiff brought an action in this court attacking her Alabama divorce and asking for a New York divorce, increased alimony and changes in visitation rights. However, the validity of the Alabama divorce decree was upheld by a Justice of this court in April, 1962, and at the suggestion of said Justice, the separation agreement was amended by the parties to increase the support payments from $142 to $167 per week. The agreement also provided that upon the plaintiff's remarriage the defendant would thereafter be obligated to support the child only and if the parties could not agree on the amount for the child, the matter should be settled by arbitration.

In 1964 the plaintiff remarried and the parties were unable to agree on the amount for the child's support. The plaintiff then made a motion in this court in January, 1965 pursuant to section 240 of the Domestic Relations Law to have the court determine the amount of support and restrain the defendant from initiating arbitration. The defendant cross-moved to stay all proceedings in this court pending arbitration. By an *order dated June 8, 1965*, plaintiff's motion to stay the arbitration was granted, the cross motion was denied by a Justice of this court and the matter was set down for a hearing as to the amount of support to be paid for the child. The defendant appealed and secured a stay from the Appellate Division, conditioned on his payment of $60 per week child support pending the determination of the appeal.

On said appeal the Appellate Division (24 A D 2d 768) unanimously reversed the order of June 8, 1965 and the plaintiff appealed to the Court of Appeals which on March 24, 1966, unanimously affirmed (17 N Y 2d 123) the Appellate Division's determination. Following that litigation, the defendant made a demand for arbitration. However, no arbitration was ever conducted because the parties settled their differences and entered into an agreement on July 20, 1966 whereby the support payments for the child were fixed at $67.50 per week, plus a lump-sum settlement of $1,000 to cover accruals prior to the settlement. No provision was made in the agreement of settlement for any payment by defendant of plaintiff's counsel fees.

It is well settled that the power of the court upon a motion in a matrimonial action, to fix and direct payment of counsel fees, is purely statutory. The authority of the court extends solely to the granting of allowances for services of the wife's attorneys rendered in the prosecution or defense of certain specified actions. (Domestic Relations Law, § 237; *Wood* v. *Wood*, 21 A D 2d 627, 630.) Subdivision (b) of section 237 of the Domestic Relations Law which deals with counsel fees and expenses provides as follows: " Upon any application to annul or modify an order or judgment for alimony or for custody, visitation, or maintenance of a child, made as in section two hundred thirty-six or section two hundred forty provided, or upon any application by writ of habeas corpus or by petition and order to show cause concerning custody, visitation or maintenance of a child, the court may direct the husband or father to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the wife or mother as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. With

respect to any such application or proceeding, such direction may only be made in the order or judgment by which the particular application or proceeding is finally determined."

The aforesaid statute makes explicit the power to award counsel fees upon an application to annul or modify an order or judgment with respect to custody, visitation or maintenance of a child. There was no such application before Special Term on June 8, 1965 nor is there any application before this court to annul or modify an order or judgment made under sections 236 or 240 of the Domestic Relations Law. While the Special Term order of June 8, 1965 granted plaintiff's motion pursuant to section 240 of the Domestic Relations Law for the support of the child and directed a hearing as to the amount, the order was reversed on appeal and the Court of Appeals has held that the arbitration provision of the separation agreement was legal and valid, so that Special Term was without jurisdiction to determine the question of the child's support. Thus, there has never been a valid order or judgment for maintenance of the child which could be modified or annulled.

Nor does plaintiff claim that she has made any application by writ of habeas corpus or by petition and order to show cause concerning maintenance of the child, so that this provision of subdivision (b) of section 237 is inapplicable.

Moreover, the statute provides that the direction for counsel fees in a matrimonial modification "may only be made in the order or judgment by which the particular application or proceeding is finally determined". The statute does not authorize the making of an award after the order or judgment finally determining the proceeding. If no award is made on or before the making of the final order or judgment, the court is without jurisdiction thereafter to make an award. (18 Carmody-Wait, New York Practice, 1966 Supp., § 27, p. 89; see, also, § 28, p. 90.)

The defendant has aptly paraphrased the language of subdivision (b) of section 237 as follows: "before the court can direct the defendant to pay plaintiff's counsel fees there must be a pending application to modify a section 236 or section 240 order or judgment for maintenance of a child, or else there must be an application by writ of habeas corpus or by petition and order to show cause concerning maintenance of a child and such direction must be in the order or judgment finally determining the application or proceeding." As above demonstrated, such is not the case here. Accordingly, the motions are denied.