Millaud L. Midonick, J.
This opinion involves only the issue of counsel fees for petitioner’s attorney in a proceeding for support of dependents. May dependents’ attorneys be awarded counsel fees after the final order for support has been made?
There seems no expertise of legislative draftmanship equal to this vexed problem of procedure. My decision will probably be the subject of appeal no matter what the result or reasoning, and, if. the appellate courts will clarify this basic lawyers’ problem, their help will be appreciated by Bench and Bar.
Four times in the last decade, the Legislature has addressed itself to easing the burden of the unpaid or underpaid lawyer for the petitioner in Family Court, each time bringing litigation in the wake.
By chapter 686 of ¡the Laws of 1962 the Family Court itself was established and by section 438 of the Family Court Act, counsel fees were provided for in a strictly limited area. (Matter of Anonymous v. Anonymous, 39 Misc 2d 995.)
By chapter 809 of the Laws of 1963 a minor amendment was enacted.
By chapter 52 of the Laws of 1964 .several further expansions were specified, including the significant enlargement that this court can hear and award counsel fees “ at any stage of the proceeding ” in place of “ either at the original hearing or any subsequent hearing affecting the original order. ’ ’
By chapter 331 of the Laws of 1968 this court was empowered to award counsel fees for services “ including an appeal ” from our orders of support for dependents.
Despite these repeated efforts of the Legislature to enlarge and to clarify the standing of petitioners’ attorneys to apply for counsel fees, the Appellate Division in the Second Department has narrowly construed “at any stage of the proceeding ” to require petitioner’s counsel to make “formal application ”, not merely to raise the issue inf ormally, no later than at the last hearing upon which a final order of support is made. (Matter of Cassieri v. Cassieri, 31 A D 2d 927; but cf. McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 192, 193.) In Cassieri, a final order of support was made on May 6, 1968, and thereafter on June 28,1968 ¡the Family Court made an order amending the said prior order. Still later, on July 30, 1968, the order for counsel fees was made, and then on appeal reversed as too late, in the sense of being a month after the “ order terminating the proceeding” by final order of support (p. 928 [2d Dept]).
*461 I find no comparable holding of the Appellate Division in the First Department or by the Court of Appeals, and I am constrained to review the legislative intention in order to give full effect to its command, especially with respect to the meaning of the amendment using the words ‘ ‘ at any stage of the proceeding.” (L. 1964, ch. 52; 1 McKinney’s Cons. Laws of N. Y. Statutes, Book 1, § 96.)
Unlike the Supreme Court’s final judgments in matrimonial litigation, the Family Court’s orders of support do not “ terminate ” a Family Court proceeding for support of dependents. Even though a final order of support has been made in Family Court, only an order of discontinuance or expressly of ‘ ‘ termination ” terminates our proceedings for .support. In more than 95% of our support orders, the Accounts and Records Division of the Probation Department of Family Court is directed to be the recipient from respondent of periodic payments of support which are deposited in Family Court bank accounts, and paid out to dependents by Family Court checks. Cumulative accounts are thus kept by our Probation Department, year after year in the vast majority of support proceedings, for the duration of each support order; the proceeding at bar was not an exception to this rule. In this basic sense, our proceedings, if an order of support is finally made, are almost never terminated except by reconciliation, abatement by death, or remarriage of a divorced wife and attaining majority or self-support by all minor children. Even in such cases, when the continuing support order thus becomes moot, an order of Family Court is sought expressly discontinuing the proceeding. The “ duration ” of orders of support is considerable. (Family Ct. Act, §§ 443, 444.) “ Continuing jurisdiction” of Family Court is
expressly provided. (§ 451.) Respondents may be placed on long-term probation to supervise support enforcement. (§ 456.) Arrears of support payments may be canceled on discretion (§ 458) unless .reduced to judgment (§ 460). Payroll deduction orders may be made to enforce support orders. (Personal Property Law, § 49-b; Family Ct. Act, § 459.) Orders of protection spanning a specified period of time which may include orders of child custody, may be issued in assistance or as a condition of any other order. (.§ 446; cf. § 654.) Orders of visitation may be made. (§ 447.)
Respondent relies upon the lateness of petitioner’s formal application herein for counsel fees, to deny petitioner this remedy for her attorney. Trial was held in Citywide Central Trial Term on February 5, 1970, and decision was reserved. Before that trial, an order of Supreme Court, New York County *462 Special Term, was considered twice by a Family Court Judge, in order to decide whether the Supreme Court’s continuation of the payment of $75 per week “ as heretofore directed by temporary order of the Family Court unless and until modified and without prejudice to the right of either party to pursue such modification at any time ”, was a final determination of Supreme Court, thereby limiting to $75 weekly the support of petitioner and the child of the parties. Upon decision of Family Court in favor of plenary rehearing, said decision was made subject to Supreme Court’s clarifying its order if the parties were so advised. Such clarification was made by Supreme Court order of Mr. Justice Gold indicating an intention to give full sway to Family Court to hear the issue which had never been ‘ ‘ determined ’ ’ by Supreme Court.
Thereafter, on February 13, 1970, Family Court Judge Joseph E. Dyer made a final order increasing the Supreme Court’s temporary continuation order from $75 weekly to $125 weekly, for wife and child, but giving respondent leave to prove regular and continuing payments to a former wife if downward modification is to be had. Pending and after this decision of Judge Dyer, respondent appealed to the Appellate Division from the Special Term’s order referring the support issue here. On June 1,1970, the Appellate Division in the First Department unanimously affirmed Supreme Court Justice Gold’s said order of referral. For these efforts in Family Court, and in Special Term and the Appellate Division enabling Family Court to proceed, petitioner’s attorney expended his professional efforts successfully, as he did also in obtaining an increase here from $75 to $125 weekly. For the prosecution and defense of the separation issues in the Supreme Court action, petitioner’s attorney was paid counsel fees by respondent, as ordered by Supreme Court and no such services can be or need be compensated by this court.
In Family Court the February 5, 1970 trial and the February 13, 1970 final order, concerned themselves exclusively with the issue of support; the remaining issues of visitation and counsel fees were thereafter raised and set down for separate trial on April 1, 1970, but only the issue of visitation was reached on that day, and an order of visitation was announced on that day, but, since the last issue as to counsel fees was not reached because of lack of trial .time on April 1, 1970, Judge Dyer at the end of that trial ordered a severance as to that issue by the words: “ Adjourned to April 30, 1970 for petitioner’s application for [professional legal] services rendered to petitioner in this proceeding from July 1969 to date.” On April 30, this *463 issue was referred to Central Trial Term for trial on June 4, 1970, and this decision relates to that trial.
Now respondent urges that “the proceeding” has been “ terminated ”, in effect twice: once for purposes of support at the time of that final order on February 13, 1970; again for purposes of visitation at the trial conducted on April 1, 1970 when a final order of visitation was made and the issue of counsel fees was referred to me. Consequently, respondent urges that counsel fees be denied on the ground that section 438 of the Family Court Act providing that ‘1 in any proceeding under this article * * * the court may allow counsel fees at any stage of the proceeding ’ ’ means that each application constitutes a separate “proceeding” and that all have terminated. Wherefore, argues respondent, this court no longer has such discretion.
But there cannot in logic be two ‘1 terminations ” of “ the proceeding”. “Proceedings under this article [support proceedings] are commenced by the filing of a petition ” (Family Ct. Act, § 423). If truly “ terminated ”, another petition would have to be filed for each issue. But the sole petition herein has existed since 1966 and is still pending and unterminated, although the last current issue is herein disposed.
In the alternative, respondent argues that at most petitioner can move now for counsel fees in connection with the visitation trial, at the end of which trial Judge Dyer expressly preserved the counsel fee issue.
To accede to respondent’s view in either respect, would be to establish a mined trap to cut off discretion in Family Court to award counsel fees by an obscure application of a doctrine of instantaneous laches which would detonate at the instant of termination of any hearing leading to final order, or, at latest, at the time of any final order on any issue.
How a petitioner’s attorney can be fully prepared to support such a final application before he knows the extent of the success or failure of his efforts, I fail to understand. The Legislature expressly gave leave to apply in Family Court for counsel fees earned for services ‘ ‘ including an appeal ’ ’ under Family Court Act; such a motion can obviously be made after the appeal has been won or lost, or partly so, and the disposition of the appeal should have some bearing on the amount of counsel fees. (Family Ct. Act, § 438.) Why not then permit an application within a reasonable time after trial disposition as well?
The respondent relied not upon section 438 of the Family Court Act, but instead upon section 237 of the Domestic Relations Law. For Supreme Court domestic relations practice, *464 respondent is seemingly on strong ground, since counsel fees are required by this express statutory provision to be included in the order of judgment finally determining each pending application. Schneider v. Schneider (52 Misc 2d 897) which respondent cites, so holds. The public policy for substantive purposes in the statute law (and indeed the common law as well) of New York, applies alike" in Supreme Court and Family Court (Matter of Steinberg v. Steinberg, 18 N Y 2d 492); but procedure for Family Court is governed by the Family Court Act if applicable procedure is therein prescribed (Family Ct. Act, § 165); and I hold that Family Court Act section 438 so prescribes in favor of the discretion to grant counsel fees “ at any stage of the proceeding ”, even after final order of support and of visitation.
If the courts continue to erode the availability of applications for counsel fees, relegating petitioners’ attorneys to the fragmented and calendar-congesting and time-consuming expedient of a separate plenary action in Civil Court, Supreme Court or County Court, or the like, and limiting the remedies to CPLR enforcement of judgments, the dreary prospects of compensation will further discourage lawyers from giving adequate representation to petitioners in support proceedings.
Moreover, the potential conflict between the enforcement of Family Court support order for dependents, and the counsel fee judgment of the other civil courts, both directed against respondent, is exacerbated if in two different courts; the effect of the ‘ ‘ priority ’ ’ accorded a Family Court payroll deduction order against the respondent’s wages, when a conflicting income execution garnishment for the counsel fee judgment of another court is imposed upon the same wages, has drawn inconsistent interpretations in the Second Department and the Fourth Department. (Personal Property Law, § 49-b; Matter of Beahm v. Beahm, 47 Misc 2d 900.)
It is already difficult to obtain petitioners’ counsel in matrimonial and child support litigation because, of the strained financial plight of most respondent husbands and fathers who are suffering in the vast majority of cases from the burden of maintaining two separate residence establishments. As the American Bar Association surveys have reported, of the 20 specialties in law practice evaluated, the matrimonial bar’s remuneration has been the 20th, that is, lowest, on a countrywide basis. Compare the analysis of the Association of the Bar of the City of New York, reported in New York Law Journal, June 30,1969.
*465 The construction of section 438 of Family Court Act should be one to avoid these objectionable consequences, this inconvenience, hardship and injustice. (1 McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 141, 142, 143, 146, 96.)
' I hold therefore that the Legislature did intend to permit petitioners to apply for counsel fees literally “ at any stage of the proceeding ” (Family Ct. Act, § 438) including the stage within a reasonable time after the final disposition for which the legal services were rendered. "While the Family Court Judge has discretion to relegate the woman’s attorney to a plenary action in another court, he has discretion as well to hear and determine the issue of counsel fees after the final disposition for which the legal services were rendered.
Unless the Court of Appeals will finally clarify this aspect of the law, it would seem that the only way for the Legislature to avoid further litigation and uncertainty would be to amend section 438 of the Family Court Act once again to provide that an issue of counsel fees can be heard in Family Court in respect to its own proceedings and on appeals therefrom, and necessary litigation leading up to Family Court proceedings, to the same extent as in plenary “ necessaries ” causes of action in the other civil courts, without the necessity for a jury trial.
Finally, we turn to the extent or amount of counsel fees for professional services bearing on the Family Court aspects and results herein. We include the presentation of the application for support before Judge Dembitz, the two trials before Judge Dyeb, the resort to Supreme Court Justice Gold to clarify his referral of the support issue to Family Court, and the successful efforts in behalf of petitioner to sustain Justice Gold’s referral in. respect .to respondent’s unsuccessful appeal therefrom, affirmed by Appellate Division on June 1, 1970. Surely Judge Dyeb was not compelled to guess at the result of an appeal from his exercise of disposition, an appeal still pending after his decisions of February 13 and April 1, 1970.
No memoranda of law or fact were submitted at any stage. The major factual issues involving respondent’s earnings as a part owner of his business were thrashed out at trial, without examination before trial, and some of these aspects must have been repetitions of partial exploration in Supreme Court where a smaller support award was ‘ ‘ continued ’ ’, and for which efforts counsel has already been paid. The visitation trial covered half a day without substantial advance preparation so far as appears. For these efforts having to do specifically with Family Court, petitioner’s application and expert opinion *466 give some support for $2,500 for such professional services to date, while respondent’s counterevidence seeks to limit such counsel fees to perhaps $500. In all of the circumstances presented, and giving appropriate weight to the recent “ explosion ’ ’ in the costs of conducting a legal practice in this city (Matter of Harvey v. Harvey, 62 Misc 2d 246, 251-252), I award $1,000 as the fair and reasonable value of the said legal services to petitioner in this court.
In view of respondent’s somewhat strained financial circumstances, I order the payment of the sum of $1,000 to be made by respondent in four bi-monthly installments of $250 on August 1, 1970, October 1, 1970, December 1, 1970 and February 1, 1971, directly to petitioner’s attorney of record.