Saul Moskoff, J.
Petitioner’s attorney moves by notice of motion dated October 4, 1972, returnable. October 16, 1972, for an order granting counsel fees and disbursements.
A hearing on respondent’s application for a downward modification and on petitioner’s application to punish for contempt was held on May 8,1972 and was completed on that day, subject to an audit of respondent’s financial records. On May 25, 1972, after receipt of the audit and on the record of the hearing of May 8, the court denied the application for a downward modification and fixed the arrears of $4,000, payable $25 monthly in addition to current payments. Up to that time, petitioner’s attorney had not moved for counsel fees and did not do so until service of the notice of motion as hereinabove indicated.
In Matter of Cassieri v. Cassieri (31 A D 2d 927), an order of support was issued by the Family Court on May 6, 1968 and on June 28, 1968 the order was amended. Subsequent to both orders, petitioner moved for counsel fees, no formal motion having been made at any time prior to the entry of the orders of support. The Appellate Division, Second Department, held that the Family Court was without jurisdiction to entertain the application for counsel fees after the entry of the orders of support since such orders terminated the proceeding and therefore the application was not made “ at any stage of the proceeding ’ ’ as required under section 438 of the Family Court Act.
*1075 A number of the Judges of this court do not acquiesce in the rationale of the Appellate Division, adhering to the view that a Family Court proceeding does not terminate upon the entry of an order for support and that our court has continuing jurisdiction for enforcement, modification or any other relief incidental to the family and its problems.
In a well-written opinion Judge Midonick, then of this court, now Surrogate, in Matter of Reed v. Reed (63 Misc 2d 459, 461), elaborated on the view of his colleagues, holding that Family Court orders “ do not ‘ terminate ’ a Family Court proceeding for support of dependents ” and that an application for counsel fees may be entertained after the entry of an order of support (Family Ct. Act, § 451).
While sympathetic to the conclusions reached by Judge Midonick in Reed, the court is constrained to follow the holding by the Appellate Division in Gassieri unless and until that court reaches a contrary conclusion or when and if the Court of Appeals holds to the contrary.
In passing, it is noted that even under the rationale of the Reed decision the instant application ought be denied. As put by Judge Midonick in Reed: “ Why not then permit an application [for counsel fees] within a reasonable time after trial disposition as well? ” (Id., p. 463). In the instant case, the application for counsel fees was not made until nearly five months after the hearing, a lapse of time that cannot be considered reasonable.
The application is denied, without prejudice to any rights petitioner’s counsel may have to secure payment for the legal services rendered by him in resisting the application for a downward modification and to enforce the order of support (see Matter of Cassieri v. Cassieri, 31 A D 2d 927, supra).