Alfred J. Weiner, J.
This is an application for counsel fees pursuant to section 438 of the Family Court Act.
On April 13, 1973, the temporary order of support and the support petition in the above matter were dismissed. At the time of this dismissal, the petitioner’s attorney made an oral applicatiqn for counsel fees. Therefore, while that part of the petition as relates to the issue of support was dismissed, the proceeding is still pending with regard to the application for counsel fees which was made on the record.
The petitioner’s attorney supplemented his oral request at the direction of the court, by filing a notice of motion and supporting affirmation deemed returnable in this court on April 30, 1973. The attorney for the respondent has submitted an affirmation in opposition thereto, and argued that the dismissal of the petition on April 13, 1973, deprived Family Court of jurisdiction to award a counsel fee to the petitioner’s attorney.
There are two questipns before the court. The first is in regard to the propriety of an order for counsel fees, and if this question is answered in the affirmative, then the question of the amount of the fee to be allowed.
Respondent, by arguing that this court has been deprived of jurisdiction to award a fee to the attorney for the petitioner relies on the rule in Matter of Cassieri v. Cassieri (31 A D 2d 927), which holds that the entry of the final order terminates the proceeding and deprives the court of jurisdiction to entertain an application for counsel fees. We think the instant case is distinguishable on the facts. Petitioner’s counsel made his application for a counsel fee during the pendency of this support proceeding, and was further advised by this court to supplement the oral request by written application setting forth in detail his services. Thus the court itself has continued this proceeding until a determinaion is made, on the application for cóuttsel fées. No final order having been made in this proceeding, Matter of Cassieri v. Cassieri (supra) is not applicable and petitioner’s application is proper under section 438 of the Family Court Act.
Secondarily, we must consider the question of the amount *15 of the fee allowed. Counsel made five court appearances with his client and claims conference time both before and during the pendency of these proceedings. There is no question that at least some of the time was used in discussing the various aspects bf the matrimonial problems both with the client and the opposing attorney. In making a determination as to the amount of a counsel fee to be awarded pursuant to section 438 of the Family Court Act, the court must consider time devoted to the legal services, the results obtained, and the financial circumstances of the parties.
Counsel for petitioner has performed his role in an able and professional manner.
Accordingly, counsel fees are fixed in the amount of $600 payable directly to petitioner’s attorney within two months of the date of this decision.