Edward J. McLaughlin, J.
The instant action was originated by the filing of a petition for support, verified the 21st day of July, 1972, by Marilyn Brown, petitioner, against Ermes A. Brown, respondent. A permanent support order was duly entered by this court on the 2nd day of January, 1973. Thereafter, on the 30th day of October, 1974, the petitioner moved to modify the support order, requesting counsel fees dating back to January 28, 1972. The petition to modify the support order was dismissed on the 27th day of February, 1975 with the issue of the attorney’s fees still unresolved. Pursuant to the court’s request, Arthur M. Greene, counsel for the petitioner, submitted an affidavit on the 31st day of March, 1975 in support of an application for counsel fees totaling $594.50. Counsel had never previously applied to the court for attorney’s fees.
The issue before this court is whether an application for attorney’s fees, first raised in a petition to modify a support order, could be granted for services rendered not only prior to the filing of the present petition to modify an order of the court, but prior to the filing of the original support petition.
The relevant statute, section 438 of the Family Court Act states: "In any proceeding under this article [article 4] * * * or at any hearing to modify or enforce an order entered into in that proceeding * * * the court may allow counsel fees at any stage of the proceeding, to the attorney representing the wife”.
Implicit in the issue before the court is the much debated question of whether a Family Court proceeding terminates upon an entry of an order of support. In Matter of Cassieri v Cassieri (31 AD2d 927), the court faced the question whether a subsequent application for counsel fees could be granted, where the matter had been raised informally during the prqceeding and not by a formal motion. The court said that an entry of an order of support terminated the proceeding, and *761 deprived the Family Court of jurisdiction to entertain the application for counsel fees.
Matter of Reed v Reed (63 Misc 2d 459) took the opposite position. The court stated that Family Court orders of support do not terminate a Family Court proceeding. Even though a final order of support has been made, only an order of discontinuance or expressly of “termination” terminates the proceedings. The court therefore held that a subsequent petition for counsel fees, made within a reasonable time after the final disposition for which the legal services were rendered, was within the language of section 438 of the. Family Court Act which provided that counsel fees may be awarded at any stage of the proceeding.
This court finds that in this case it does not have to reach the issue of what constitutes a termination of a Family Court proceeding. Following the rationale of Reed, a one and one-half year delay, from the date of the entrance of the original support order, in applying for counsel fees in connection with that matter is not, “within a reasonable time after the final disposition” (63 Misc 2d 459, 465, supra). Counsel is therefore estopped from receiving favorable consideration by his untimely application to this court, for counsel fees arising from the prosecution of the original petition for support. (See Matter of Mintz v Mintz, 71 Misc 2d 1074, in which the court found that a five-month delay after final disposition in applying for counsel fees not to be within a reasonable time).
This court will not, however, impute counsel’s delay in requesting fees for the original support petition to his application for fees connected with the petition to modify. Counsel timely raised this issue at the hearing. This should be sufficient to preserve a subsequent application for fees. (Matter of Hoover v Hoover, 74 Misc 2d 13.) An allowance of counsel fees on a motion for a modification of support is always discretionary. (Sullivan v Sullivan, 55 Misc 2d 691, affd 29 AD2d 739.) It is conditioned upon services rendered and all the other circumstances of the case. The fact that in the instant case the motion to modify the support order was denied is irrelevant. (Matter of Harvey v Harvey, 62 Misc 2d 246.) Section 438 of the Family Court Act does not require a successful disposition of the petition as a condition precedent to the award of counsel fees. Accordingly, it is hereby ordered that counsel fees in the amount of $100 be awarded to the petitioner’s attorney.
*762 Submit order accordingly.