Alfred J. Weiner, J.
An application has been made to this court pursuant to section 438 of the Family Court Act for counsel fees. Petitioner’s attorney has supplemented his request made in open court with an affidavit which delineates the nature and extent of the legal services rendered on behalf of his client. A fee in the sum of $7,500 plus $155 in disbursements has been requested.
Respondent’s attorney has submitted an affidavit in opposition to the request for counsel fees in which he vigorously denies the right of petitioner’s attorney to receive counsel fees from the respondent. Respondent’s attorney raises several issues in support of his argument.
FORM OF MOTION
It is alleged by respondent’s attorney that the form of petitioner’s request for an award of counsel fees is defective in that said request did not contain a notice of motion setting forth a date for argument.
Petitioner’s attorney "made” his motion on the record in court on the last appearance date. (CPLR 2211.) The affirmation was submitted at the court’s direction and was for the court’s convenience and benefit. The affirmation submitted was not the motion itself. The physical form of papers submitted is not significant. (Matter of Burrowes v Burrowes, 10 AD2d 833.) '
TIMELINESS OF MOTION
Secondly, respondent’s attorneys claim the petitioner’s motion for counsel fees was not timely made because it was made "after a decision by the Court” and presumably after the final "stage of the proceeding.” (Family Ct Act, § 438.)
A Family Court Judge has the discretionary power to hear and determine the issue of counsel fees immediately after the final disposition for which the legal services were rendered. (Matter of Reed v Reed, 63 Misc 2d 459; Matter of Hoover v Hoover, 74 Misc 2d 13.)
*109 CONSTITUTIONALITY OF SECTION 438 OF THE FAMILY COURT ACT
Respondent’s attorney argues that section 438 of the Family Court Act which specifically allows counsel fees to a wife is discriminatory and unconstitutional because it does not allow counsel fees to a husband.
The Supreme Court of the United States has held that discrimination by a State between different classes of its citizens must "have some relevance to the purpose for which the classification is made.” (Baxstrom v Herold, 383 US 107, 111; Stanley v Illinois, 405 US 645; Reed v Reed, 404 US 71, 76.) The classification must not be arbitrary, it must be reasonable and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike (Reed v Reed, supra).
The purpose of the statute is to allow a wife (or former wife on behalf of her children) to present and prosecute her action properly. Without the power to award a needy wife counsel fees the rights of the woman, in many cases, could not be adequately protected. Consequently, this court finds respondent’s claim of unconstitutionality to be without merit.
RIGHT TO COUNSEL FEES
This court recognizes the right of petitioner’s counsel to receive reasonable counsel fees for his services in this proceeding. To deny such request in toto would be an abuse of discretion (Matter of Saitas v Saitas, 35 AD2d 964).
Respondent’s attorney states in his affidavit that many of the legal services rendered by counsel for the petitioner were unnecessary.
In exercising its discretion as to the amount of counsel fees to be awarded, this court carefully considered the arguments of counsel in their respective affirmations, in addition to carefully reviewing the entire record.
Particularly careful deliberation has been given by this court to the time devoted to the legal services, the nature and difficulty of the problem, the results obtained, and the financial circumstances of the parties. (Martin v Martin, 28 AD2d 897; Frank v Frank, 26 AD2d 837; Walsh v Walsh, 22 AD2d 937.)
Furthermore, this court also considered the amount of *110 money or other interests involved; the attorney’s professional standing; the benefits sought for the client; the attorney’s opportunity cost; the attitude of the profession toward this type of litigation; the responsibility assumed by the respective attorneys in the case; the probability of success for the client; and the necessity of the counsel’s services. (Fee Schedules Should be Abolished, Richard J. Arnould and Robert N. Corley, Amer Bar Assn Journal, July, 1971.)
Based upon the foregoing, this court finds and fixes fair and reasonable counsel fees for this proceeding in the sum of $2,750.
Disbursements are hereby awarded to petitioner’s attorney in the sum of $155.
Counsel fees and disbursements are hereby made payable directly to petitioner’s attorney within 60 days of the date of this decision.