■ In the Matter of PAMELA J. D., Respondent, v TERENCE F. D., Appellant. — In a proceeding pursuant to article 5 of the Family Court Act, Terence F. D., appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Hillery, J.), entered August 2, 1982, as ordered him to pay (1) $27.50 per week for child support, (2) child support arrearages in the amount of $27.50 per week for 108 weeks, or $2,970, periodic payments to commence two months after appellant has concluded his course of studies or immediately upon his full-time employment (whichever occurs first), but no more than four years from the date of the order, and (3) $1,000 to petitioner's counsel, payable at the rate of $50 per month at the same time as appellant commences payment of arrears. Order modified, on the facts and as a matter of discretion, by reducing the award of child support arrearages to $2,777.50, and the award of counsel fees to $750. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Our review of the record indicates that there is a reasonable basis to sustain the Family Court's determination that appellant pay $27.50 per week for child support. We further find that the Family Court properly determined arrears in child

support at $27.50 per week. The court, however, does not indicate how it determined that the arrears were owed for a period of 108 weeks. The record reveals that the present proceeding was commenced in January, 1980 and, subsequently, the child was born on August 22, 1980. Based on our calculations, 101 weeks elapsed from the date the child was born to the date the order appealed from was entered. Computing the arrearages at $27.50 per week for this period of 101 weeks (retroactive to the date of birth of the child), we have determined that the amount of arrears due totals $2,777.50. Accordingly, the court's order is modified to comport with our calculations. Finally, the Family Court awarded petitioner's attorney $1,000 in counsel fees. Petitioner indicated that the reasonable value of her attorney's services was $1,500 and she had paid her attorney $100 for all the work done. (Appellant does not challenge these amounts.) The Family Court determined that petitioner and appellant, both full-time students at the time of the support hearing, "appear to be in about the same financial situation", and held that both should contribute equally to the child's support. Bearing in mind the financial capacities of the parties, we direct that, of the $1,500 counsel fee, 50% be paid by petitioner and the remaining 50% by appellant. (See *L. Pamela P. v Frank S.,* 91 AD2d 527.) Accordingly, petitioner's counsel's award is reduced to $750. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.