■ In the Matter of PAMELA J. D., Respondent, v TERENCE F. D., Appellant.—In a proceeding pursuant to Family Court Act article 5, Terence F. D. appeals from an order of the Family Court, Dutchess County (Bernhard, J.), entered June 7, 1984, which awarded the petitioner's counsel a fee of $1,200 for services rendered on a prior appeal (see, Matter of Pamela J. D. v Terence F. D., 99 AD2d 834), of which the appellant was ordered to pay one half.

Order reversed, on the law, without costs or disbursements, and matter remitted to the Family Court, Dutchess County, for a hearing consistent herewith.

The appellant is correct that the petitioner's counsel cannot receive compensation from the appellant pursuant to County Law § 722-b for representing the petitioner on the appellant's prior appeal from the support provisions of a dispositional order in a paternity proceeding, as it is undisputed that he was privately retained by the petitioner and was not assigned

under County Law article 18-B. However, the Family Court is empowered to award counsel fees incurred in defending such an appeal (see, Family Ct Act § 536; *Matter of Jaeger v Scherer*, 24 AD2d 878; *Matter of Giacoman v Boer*, 23 AD2d 737), and we will treat the petitioner's application as if it had been properly made.

While the Family Court had the authority to grant counsel fees for appellate representation, it was error for the court to do so without first conducting an evidentiary hearing concerning the parties' present financial ability to pay (see, *Matter of Czarnecki v Mendoza*, 79 AD2d 604; *Yagoda v Yagoda*, 73 AD2d 619; *Matter of Bartsch v Seneca*, 24 AD2d 847), which may have changed since June 24, 1982, when a hearing was held on the question of support of the child born out of wedlock. After the new hearing is held, the court must make findings with respect to the proper amount of counsel fees and the appropriate apportionment of payment between the parties. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.