■ In the Matter of IRENE A. McGRATH, Appellant, v MICHAEL L. PARKER, Respondent. [837 NYS2d 591]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Luft, J.), dated August 3, 2006, which denied her objections to an order of the same court (Buetow, S.M.), dated May 19, 2006, denying her application for an award of an attorney's fee, disbursements, and costs.

Ordered that the order is affirmed, without costs or disbursements.

An order granting the mother an upward modification of child support was issued by the Family Court on August 10, 2005. At the hearing that preceded the issuance of that order the issue of counsel fees was raised by the parties, but the mother made no formal application for such fees. On November 14, 2005 the Family Court denied the mother's objections to the August 10, 2005 order. Thereafter, by notice of motion dated January 19, 2006, the mother moved, inter alia, for an award of an attorney's fee, which was denied as untimely. We affirm.

Section 438 of the Family Court Act provides, in relevant part: "In any proceeding . . . or at any hearing to modify or enforce an order entered in that proceeding . . . the court may allow counsel fees *at any stage of the proceeding*, to the attorney representing the spouse, former spouse or person on behalf of children" (emphasis added). The Family Court properly concluded that the instant application was not made "at any stage of the proceeding" (*see Matter of Cassieri v Cassieri*, 31 AD2d 927, 928 [1969]; *cf. Matter of Brown v Brown*, 82 Misc 2d 759, 761 [1975]; *Matter of Hoover v Hoover*, 74 Misc 2d 13, 14 [1973]). In any event, the mother's delay in making the formal application nearly five months after the order granting the upward modification was entered cannot be considered reasonable (*see Matter of Mintz v Mintz*, 71 Misc 2d 1074, 1075 [1972]; *cf. Matter of Reed v Reed*, 63 Misc 2d 459, 465 [1970]).

The mother's remaining contentions are without merit. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.